UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DINAH CANADA, et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>MERACORD, LLC, et al.,<br><br>               Defendants. | CASE NO. C12-5657 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY OR DISMISS |

This matter comes before the Court on Defendants Meracord, LLC ("Meracord"), Linda Remsberg, and Charles Remsberg's (collectively "Meracord Defendants") motion to stay or dismiss (Dkt. 54). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 24, 2012, Plaintiffs Marie Johnson-Peredo ("Johnson-Peredo"), Dinah Canada ("Canada"), and Robert Hewson ("Hewson") (collectively "Plaintiffs") filed a class action complaint against numerous defendants. Dkt. 1. On October 29, 2012,

ORDER - 1

Plaintiffs filed an amended class action complaint against the Meracord Defendants and Lloyd E. Ward, Amanda Glen Ward, Lloyd Ward, P.C., Lloyd Ward & Associates, P.C. ("LWA"), The Lloyd Ward Group, P.C. ("LWG"), Ward Holdings, Inc., and Settlement Compliance Commission, Inc.'s (collectively "Ward Defendants") alleging violations of (1) the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"); (2) the Washington Debt Adjusting Act, RCW Chapter 18.28 ("DAA"); (3) the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA"); (4) aiding and abetting the commission of unfair and deceptive business conduct; (5) breach of fiduciary duty; and (6) unjust enrichment. Dkt. 41.

On November 15, 2012, the Ward Defendants filed a motion to dismiss (Dkt. 51) and the Meracord Defendants filed a motion to stay or dismiss (Dkt. 54). On December 10, 2012, Plaintiffs responded. Dkts. 56 & 58. On December 14, 2012, Defendants replied. Dkts. 62 & 63.

## II. FACTUAL BACKGROUND

Plaintiffs Canada and Hewson allege that they signed "up for the debt settlement services of Meracord" and one of Meracord's "front-end" debt settlement companies ("Front DSCs"). Complaint, ¶¶ 18 & 19. Meracord is a Delaware limited liability company with its principal place of business in Tacoma, Washington. *Id*. ¶ 21. Plaintiffs allege that "Meracord has conspired and/or currently conspires with scores (if not hundreds) of [Front DSCs], who together with Meracord compose the Meracord Enterprise." *Id*. ¶ 23.

In March 2009, Dan Gordon, a representative of Freedom Debt Relief, contacted Canada offering debt settlement services. Dkt. 57, Declaration of Dinah Canada, ¶ 4. Shortly thereafter, Canada esigned a contract that included an arbitration clause that provides as follows:

> **13. Arbitration** In the event of any controversy, claim or dispute between the parties arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the termination of the scope of the application of this Agreement to arbitrate, shall be determined in Broward County, in the State of Florida, Or in the County where the consumer resides, in accordance with the laws of the State of IL or agreements to be made in and to be performed in the State of IL. The parties agree, the Arbitration shall be administered by the American Arbitration Association ("AAA") pursuant to its rules and procedures and an arbitrator shall be selected by the AAA. The arbitrator shall be neutral and independent and shall comply with the AAA code of ethics. The award rendered by the arbitrator shall be final and shall not be subject to vacation or modification. Judgment on the award made by the arbitrator may be entered in any court having jurisdiction over the parties. If either party fails to comply with the arbitrator's award, the injured party may petition the circuit court for enforcement. The parties agree that either party may bring claims against the other only in his/her or its individual capacity and not as a plaintiff or class member in any purported class or representative proceeding. Further, the parties agree that the arbitrator may not consolidate proceedings of more than one person's claims, and may not otherwise preside over any form of representative or class proceeding. The parties shall share the cost of arbitration, including attorney fees, equally. If the consumer's share of the cost is greater than $1,000.00 (One-Thousand dollars), the company will pay the consumers share of the costs in excess of that amount. In the event a party fails to proceed with arbitration, unsuccessfully challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit, including a reasonable attorney's fee for having to compel arbitration or defend or enforce the award.

Dkt. 54, Exh A.

In August 2009, Hewson contacted a company named LifeGuard, a debt settlement company. Complaint, ¶ 137–141. Hewson entered into a contract with the company that contained an arbitration provision as follows:

> **Legal Disputes**: In the event of any litigation arising out of or relating to this Agreement, all parties including Client, LGF and Service Provider agree to resolve the dispute with neutral binding arbitration according to the laws of the state of Florida. Venue for all arbitrations shall be in Broward County, Florida This Agreement represents the entire Agreement by and between the parties. All prior oral agreements or written understandings are deemed merged herein. This Agreement may not be amended except by a written document signed by each of the parties hereto.

Dkt. 54, Exh. C.

Johnson-Peredo declares that she entered her contact information into a form on a debt settlement website and was contacted shortly thereafter by a representative of LWA, Rona Favreau. Dkt. 59, Declaration of Marie Johnson-Peredo, ¶¶ 7–8. Johnson-Peredo orally agreed to retain LWA to settle her debt. ¶ 15. Ms. Favreau esigned Johnson-Peredo's signature to a Client Services Agreement ("CSA"). *Id*. ¶¶ 15, 18. A few days later, Johnson-Peredo received a "Debt Relief Package" by mail that contained various documents, including the esigned CSA. *Id*. ¶ 18.

Between September 2010 and October 2011, Noteworld, currently Meracord, deducted $5,633.42 from Johnson-Peredo's bank account in monthly payments. *Id*. ¶ 24. Johnson-Peredo contends that, even though she made payments to Noteworld, none of her debt was settled. *Id*.

With regard to arbitration, Johnson-Peredo's CSA agreement contains numerous clauses including a clause regarding arbitration. Specifically, the CSA provides as follows:

> **11. Arbitration of Dispute**: In the event of a dispute regarding LWG's representation of Client's claims and defenses, or monies owed by Client to LWG, Client hereby agrees to notify LWG in writing of any such complaint so that LWG can attempt to reasonably address and, if appropriate, remedy the complaint to Client's complete satisfaction. LWG representatives will be happy to discuss policies and procedures set forth herein with you at any time. If you have any questions, please inquire of us openly and frankly. We encourage you to discuss with a LWG representative any problems that you may have with our services, employees, accounting department, secretarial staff or other matters that may arise in connection with our services. If, after giving LWG thirty (30) days notice of any complaint, you remain unsatisfied with LWG's response to your complaint, you hereby agree to mediate and/or arbitrate any complaint against LWG prior to the initiation of any public or private complaints or claims of any kind against LWG or any of its employees, agents, attorneys or staff. The parties agree to submit all disputes arising under or related to this Agreement to binding arbitration according to the then prevailing rules and procedures of the American Arbitration Association. Texas law will govern the rights and obligations of the parties with respect to the matters in controversy. The arbitrator will allocate all costs and fees attributable to the arbitration between to the parties. The arbitrator's award will be final and binding and judgment may be entered in any court of competent jurisdiction.

Dkt. 52, Declaration of Lloyd E. Ward, Exhibit A, ¶ 11.

### III. DISCUSSION

The Meracord Defendants move (a) to stay litigation and compel arbitration; (b) to dismiss without prejudice; or (c) to stay litigation pending resolution of related arbitration and appeal. The Court considers both issues below.

**A.  Arbitration**

The Federal Arbitration Act ("FAA") provides that "an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[W]hen a plaintiff argues that an arbitration clause, standing alone, is unenforceable−for reasons independent of any reasons the remainder of the contract might be invalid−that is a question to be decided by the court." *Bridge Fund CapitalCorp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1000 (9th Cir. 2010).

In this case, the Meracord Defendants move to either stay the case or dismiss Plaintiffs' claims to compel arbitration. Dkt. 54. With regard to Johnson-Peredo, the Court concluded in a separate order that the arbitration clause in her CSA was procedurally unconscionable and declined to enforce arbitration. Dkt. 79. Therefore, the Court denies the Meracord Defendants' motion as to Johnson-Peredo.

With regard to Canada and Hewson, the Court has previously concluded that an almost identical arbitration clause was substantively unconscionable. *Rajagopalan v. NoteWorld*, No. 11-cv-05574-BHS (W.D. Wash. March 6, 2012). Based on that logic and similar language between the clauses, the Court finds that Canada's and Hewson's clauses are also substantively unconscionable. Therefore, the Court denies the Meracord Defendants' motion to compel arbitration.

**B.     Stay**

The power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936).

In this case, the Meracord Defendants request that the Court stay this case until the appeal in *Rajagopalan* is resolved. Dkt. 54 at 22. The Court finds that a stay of Canada and Hewson's claims is appropriate. Johnson-Peredo claims, however, may proceed because the arbitration clause will not be enforced for reasons independent of any issue on appeal.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Meracord Defendants' motion to stay or dismiss (Dkt. 54) is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 31st day of January, 2013.

BENJAMIN H. SETTLE
United States District Judge