UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DINAH CANADA, et al.,

    Plaintiffs,

v.

MERACORD, LLC, et al.,

    Defendants.

CASE NO. C12-5657 BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO STAY PENDING APPEAL

This matter comes before the Court on Defendants Lloyd E. Ward, Amanda Glen Ward, Lloyd Ward, P.C., Lloyd Ward & Associates, P.C. ("LWA"), The Lloyd Ward Group, P.C. ("LWG"), Ward Holdings, Inc., and Settlement Compliance Commission, Inc.'s (collectively "Ward Defendants") motion to stay litigation pending appeal (Dkt. 88) and Defendants Meracord, LLC ("Meracord"), Linda Remsberg, and Charles Remsberg's (collectively "Meracord Defendants") motion to stay litigation pending appeal (Dkt. 89).

ORDER - 1

1   The Court finds that a detailed procedural and factual discussion is unnecessary
2 because the Court and the parties are familiar with this proceeding as well as the similar
3 proceeding *Rajagopalan v. NoteWorld*, No. 11-cv-05574-BHS (W.D. Wash.). Moreover,
4 the issues in the pending motion have been largely addressed in prior orders.
5   Four factors are considered when a court determines whether to grant a stay of
6 litigation pending appeal of an order entered in a civil case: (1) whether the stay applicant
7 has made a strong showing that he is likely to succeed on the merits; (2) whether the
8 applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will
9 substantially injure the other parties interested in the proceeding; and (4) where the public
10 interest lies. *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).
11   With regard to Plaintiff Marie Johnson-Peredo, the Ward Defendants fail to meet
12 their burden on the factors set forth above. First, the Court finds that the Ward
13 Defendants have failed to make a strong showing that they are likely to succeed on the
14 merits of their appeal. The Ward Defendants cite *Townsend v. Quadrant Corp.*, 173
15 Wn.2d 451, 459-60, (2012), for the proposition that the Court erred when it held that Ms.
16 Johnson-Peredo's claim specifically attacked the arbitration clause as opposed to the
17 contract as a whole. Dkt. 97 at 2–3. The Court disagrees as the claim is explicitly clear.
18 *See* Dkt. 41, ¶ 209 (complaint). The Ward Defendants also argue that the Court's ruling
19 is inconsistent with it's ruling in *Rajagopalan* on the issue of procedural
20 unconsciounability. Dkt. 97 at 3–4. The Court disagrees because the Ward Defendants
21 ignore one important distinguishing fact: Mr. Rajagopalan signed his contract (2012 WL
22 727075, at *1 (W.D.Wash., 2012)), whereas Ms. Johnson-Peredo alleges that she did not

sign her contract and she received the contract with the arbitration provision pre-signed (*see* Dkt. 41, ¶ 211).

Second, the Court finds that the Ward Defendants will not be irreparably injured absent a stay. Ms. Johnson-Peredo's claims are factually specific and are likely uncommon to other potential plaintiffs. The Ward Defendants have failed to show any irreparable injury in defending against Ms. Johnson-Peredo's claims in this Court instead of arbitration.

Third, the Court finds that the public interest weighs in favor of the efficient resolution of Ms. Johnson-Peredo's claims. There is no public interest in delaying justice for a consumer while an appeal is taken on an arbitration provision that was allegedly e-signed by a business representative, not the consumer, for the benefit of the business. Therefore, the Court **DENIES** the Ward Defendants' motion to stay on this issue.

With regard to the Meracord Defendants' motion, the Court has already issued a stay pending the outcome of the *Rajagopalan* appeal. Dkt. 80 at 7. Oral argument is currently scheduled for May 6, 2013, and, in this Court's experience, a decision should promptly issue following argument. If resolution of that matter does not adequately resolve the arbitration issues in this matter, the Meracord Defendants may seek specific relief at that time. However, at this time, the Meracord Defendants have failed to show that imposition of a stay pending the resolution of their appeal is appropriate. Therefore, the Court **DENIES** the Meracord Defendants' motion to stay on this issue.

With regard to both the Ward Defendants' and the Meracord Defendants' request for additional time to answer, the Court grants the requests. The Court finds no harm in

1 granting a short extension of this deadline so that the defendants may seek a stay from the
2 Ninth Circuit Court of Appeals. Moreover, a decision from that court may shed light on
3 the propriety of the defendants' arguments regarding likelihood of success on the merits
4 of their appeals. Therefore, the Court requires defendants to answer or otherwise respond
5 to plaintiffs' complaint no later than April 30, 2013.

**IT IS SO ORDERD.**

Dated this 29th day of March, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge