1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

HONORABLE BENJAMIN H. SETTLE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DINAH CANADA, MARIE JOHNSON-
PEREDO and ROBERT HEWSON on behalf
of themselves and all others similarly situated,

                                    Plaintiffs,

v.

MERACORD, LLC; LINDA REMSBERG and
CHARLES REMSBERG, individually and on
behalf of the marital community; LLOYD E.
WARD and AMANDA GLEN WARD,
individually and on behalf of the marital
community; LLOYD WARD, P.C.; LLOYD
WARD & ASSOCIATES, P.C.; THE LLOYD
WARD GROUP, P.C. (D/B/A LLOYD
WARD GROUP II); WARD HOLDINGS,
INC.; and SETTLEMENT COMPLIANCE
COMMISSION, INC.,

                                    Defendants.

NO. 3:12-CV-05657-BHS

**THE MERACORD DEFENDANTS'
MOTION TO DISMISS FOR LACK OF
SUBJECT-MATTER JURISDICTION,
WITH INCLUDED MEMORANDUM OF
LAW**

**NOTE ON MOTION CALENDAR:**
May 24, 2013

MERACORD DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION, WITH
INCLUDED MEMORANDUM OF LAW

A n d r e w s ▪ S k i n n e r ,   P . S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Meracord, LLC, Charles Remsberg, and Linda Remsberg (collectively, the "Meracord Defendants") respectfully move to dismiss the claims of Plaintiff Johnson-Peredo for lack of subject-matter jurisdiction.

On April 16, 2013, the Supreme Court issued its decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), which addressed offers of judgment pursuant to Federal Rule of Civil Procedure 68.  The *Genesis* court held that, where a named plaintiff's individual claim has been mooted by an offer of judgment, the class action also has been mooted, unless certain narrow exceptions apply.  *See* 133 S. Ct. at 1530-32.  These exceptions do not apply here.

On April 25, 2013, the Meracord Defendants served offers of judgment under Rule 68 (the "Offers of Judgment") on Johnson-Peredo and the other named Plaintiffs for the full value of their individual damages claims, as well as reasonable attorneys' fees, costs, and expenses.  *See* Decl. of C. Allen Garrett Jr., Exhibits A, B, & C.[1]  As of the date of this filing, the time to respond to the Offers of Judgment has not expired.  *See* Fed. R. Civ. P. 68 (allowing responding party 14 days to accept offer of judgment).  Nevertheless, because service of the Offer of Judgment to Johnson-Peredo moots her claims even if she rejects it, the Meracord Defendants respectfully move to dismiss her claims for lack of subject-matter jurisdiction.

## I.      RELEVANT BACKGROUND

In the Amended Complaint, Johnson-Peredo alleges individual damages consisting of (a) $3,352.82 in fees she paid to Defendants in connection with her alleged debt settlement program; and (b) $1,000 she alleges to have paid to an attorney to defend an action filed against her by Discover.  Am. Compl. ¶ 196. The Offer of Judgment to Johnson-Peredo is "for the sum

---

[1] Although litigation of the claims of Plaintiffs Canada and Hewson has been stayed pending resolution of the appeal in *Rajagopalan*, counsel for the Meracord Defendants is making the Court aware of these intervening events immediately, in light of counsel's duty "to bring to the federal tribunal's attention, '*without delay*,' facts that may raise a question of mootness."  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.23 (1997) (emphasis in original).  Counsel also will notify the Ninth Circuit of these events in the pending appeals involving Plaintiffs Canada and Hewson.  If the Court rules that Plaintiff Johnson-Peredo's claims are moot it may be appropriate to lift the stay to address the identical issues relative to the claims of Plaintiffs Canada and Hewson.

MERACORD DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION, WITH
INCLUDED MEMORANDUM OF LAW - 2

**A n d r e w s ▪ S k i n n e r ,   P . S .**
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

of $13,058.46, plus reasonable attorneys' fees, costs, and expenses, in full satisfaction of all

damages and relief sought by Ms. Johnson-Peredo on her individual claims in this action."

Garrett Decl., Ex. A at 2.  This Offer represents the full value of Johnson-Peredo's individual

damages claims (trebled), plus reasonable litigation expenses.

      The Meracord Defendants' Offers of Judgment to Canada and Hewson likewise are "in

full satisfaction of all damages and relief sought" by them individually.  *Id.*, Ex. B at 2; Ex. C at

2.  The Offer of Judgment to Canada is "for the sum of $27,608.00, plus reasonable attorneys'

fees, costs, and expenses, in full satisfaction of all damages and relief sought by Ms. Canada on

her individual claims in this action.  *Id.*, Ex. B at 2.  The Offer of Judgment to Hewson is "for the

sum of $16,075.50, plus reasonable attorneys' fees, costs, and expenses, in full satisfaction of all

damages and relief sought by Mr. Hewson on his individual claims in this action."  *Id.*, Ex. C at

2.

## II.    ARGUMENT AND CITATION TO AUTHORITY

### A.    General Mootness Standards

      Article III § 2 of the U.S. Constitution restricts the jurisdiction of the federal courts to

"Cases" and "Controversies," and limits "the authority of federal courts to resolving 'the legal

rights of litigants in actual controversies.'"  *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct.

1523, 1528 (2013) (quoting *Valley Forge Christian College v. Americans United for Separation

of Church and State, Inc.,* 454 U.S. 464, 471 (1982)). "In order to invoke federal-court

jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or

'personal stake,' in the outcome of the action."  *Id.* (quoting *Summers v. Earth Island Institute*,

555 U.S. 488, 493 (2009).  If at any point in the litigation a plaintiff receives complete relief and

no longer has a "'personal stake in the outcome of the lawsuit,' . . .  the action can no longer

proceed and must be dismissed as moot."  *Id.* (quoting *Arizonans for Official English v. Arizona*,

520 U.S. 43, 67 (1997)).

MERACORD DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION, WITH
INCLUDED MEMORANDUM OF LAW - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**B.     The Meracord Defendants' Offer of Judgment Moots Plaintiff Johnson-Peredo's Individual Claims**

In *Genesis*, the Supreme Court held that where a named plaintiff's individual claims become moot prior to a ruling on class certification, the class action also is rendered moot, unless certain narrow exceptions apply.  133 S. Ct. at 1529-32.  In so holding, the Court "assume[d] without deciding" that an offer of judgment in full satisfaction of a named plaintiff's individual claims moots the plaintiff's claims, whether or not the offer is accepted.  *Id.* at 1529.  Although the issue was not before the Court because the plaintiff had conceded her individual claim was mooted by the defendant's offer, the Supreme Court noted that "Courts of Appeals on both sides of the issue have recognized that a plaintiff's claim may be satisfied even without the plaintiff's consent."  *Id.*at 1529 n.4 (citing *Weiss v. Regal Collections*, 385 F.3d 337, 347 (3d Cir. 2004) (holding that unaccepted offer of judgment moots individual plaintiff's claim), and *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 575 (6th Cir. 2009) (holding court should enter judgment in favor of plaintiff where unaccepted Rule 68 offer of judgment satisfies plaintiff's entire demand)).

In the Ninth Circuit, a Rule 68 offer of judgment in full satisfaction of a plaintiff's claims moots the plaintiff's claims, even if the plaintiff rejects the offer.  *See, e.g., Echlin v. Columbia Collectors, Inc.*, No. C12-5878 RBL, 2013 WL 858206, at *2-*3 (W.D. Wash. Mar. 7, 2013) (holding that an unaccepted offer of judgment for more than the named plaintiff's individual damages claim moots the action) (citing, *inter alia, Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1131 (9th Cir. 2005)).  Thus, whether or not Johnson-Peredo accepts the Offer of Judgment, her claims should be mooted.  If Johnson-Peredo accepts the Offer of Judgment, judgment should be entered on her claims in accordance with the Offer of Judgment.  Fed. R. Civ. P. 68(a).  If she rejects the Offer of Judgment, her claims should be dismissed for lack of subject-matter jurisdiction.

MERACORD DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION, WITH
INCLUDED MEMORANDUM OF LAW - 4

**A n d r e w s ▪ S k i n n e r , P . S .**
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

### C.   Mooting the Named Plaintiff's Individual Claims Moots the Class Action, With Limited Exceptions

In a class action, there must be an "actual controversy" between the named plaintiff and the defendant.  Therefore, mooting the claims of the named plaintiff generally renders the class action moot.  *Board of Sch. Comm'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128, 129 (1975).  Although there are limited exceptions to this rule, these exceptions do not apply here.

First, in *Sosna v. Iowa,* 419 U.S. 393, 399 (1975), the Court held that satisfaction of the named plaintiff's individual claims ***after*** a motion for class certification has been granted does not render the class action moot.  Once a class has been certified, "'the class of unnamed persons described in the certification acquire[s] a legal status separate from the interest asserted by'" the named plaintiff.  *Genesis*, 133 S. Ct. at 1530 (quoting *Sosna*, 419 U.S. at 399-402).   Here, class certification has not yet been granted.

Second, in *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 404 (1980), the Court "narrowly extended this principle to ***denials*** of class certification motions."  *Genesis*, 133 S. Ct. at 1530 (emphasis in original).  This ruling, however, merely addressed the situation where, "but for the district court's erroneous denial of class certification," the *Sosna* exception to mootness would have applied.  *Id.* (citing *Geraghty*, 445 U.S. at 404 & n.11).  Here, there has been no ruling denying class certification either.

Third, there is a narrow exception for "inherently transitory" class actions where the mooting event occurs before the class certification issue has been adjudicated.  *Genesis*, 133 S. Ct. at 153-31 (discussing *Sosna, Gerstein v. Pugh*, 420 U.S. 103 (1975), and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991)).  In *Gerstein*, for example, the named plaintiffs' pretrial detention ended prior to a ruling on class certification.  *See Genesis*, 133 S. Ct. at 1531.  The *Gerstein* court found that, because pretrial detention is "by nature temporary," the case fit within the "narrow class of cases" in which satisfaction of a named plaintiff's claims prior to a class certification decision does not render the entire class action moot.  420 U.S. at 110 n.11.

MERACORD DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION, WITH INCLUDED MEMORANDUM OF LAW - 5

**A n d r e w s ▪ S k i n n e r ,   P . S .**
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

As discussed below, the *Genesis* decision makes it clear that the "inherently transitory" exception does not apply where, as here, Johnson-Peredo and the other named Plaintiffs seek to recover only the monetary damages now satisfied by the Offers of Judgment.

**D.    The *Genesis* Decision Holds the "Inherently Transitory" Mootness Exception Does Not Apply to Damages Class Actions Where the Named Plaintiff is Offered Full Individual Damages Before a Ruling on Class Certification**

In *Genesis*, the Supreme Court explained that the "inherently transitory" exception to mootness applies only where it is "'certain that other persons similarly situated' will continue to be subject to the challenged conduct and the claims raised are 'so inherently transitory that the trial court will not have enough time to rule on a motion for class certification before the proposed representative's individual interest expires.'"  133 S. Ct. at 1530-31 (quoting *McLaughlin*, 500 U.S. at 52).  The *Genesis* court then held that the narrow "inherently transitory" exception to mootness should not apply to damages class actions where, as here, the defendant offers to fully satisfy the named plaintiff's claim prior to any ruling on class certification.  133 S. Ct. at 1531.

The Court explained that the "inherently transitory" exception "focused on the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy." *Id.*  Unlike the claims for injunctive relief at issue in *Gerstein* and *McLaughlin* that otherwise might evade review, "a claim for damages cannot evade review; it remains live until it is settled, judicially resolved, or barred by a statute of limitations." *Id.*

The *Genesis* court explained that a defendant's tendering of full individual damages to a named plaintiff does not "insulate such a claim from review, for a full settlement offer addresses plaintiff's alleged harm by making the plaintiff whole." *Id.*  Additionally, "[w]hile settlement may have the collateral effect of foreclosing unjoined claimants from having their rights vindicated in ***respondent's*** suit, such putative plaintiffs remain free to vindicate their rights in their own suit." *Id.* (emphasis in original).

MERACORD DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION, WITH
INCLUDED MEMORANDUM OF LAW - 6

**A n d r e w s ▪ S k i n n e r ,  P . S .**
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

The Supreme Court went on to question a purported policy rationale against allowing the use of offers of judgment to "pick off" individual plaintiffs prior to class certification. *Id.* at 1531-32. Relying on *Deposit Guaranty National Bank, Jackson, Miss. v. Roper,* 445 U.S. 326 (1980), several Courts of Appeals (including the Third Circuit) had held that satisfaction of a named plaintiff's individual claims prior to a ruling on class certification does not render the class action moot, under the theory that the defendant should not be allowed to "pick off" named plaintiffs in order to avoid class certification. *Id.* at 1531. The *Genesis* court explained that, in *Roper*, the named plaintiff maintained an "ongoing, personal economic stake" in appealing the denial of class certification, "namely, to shift a portion of attorney's fees and expenses to successful class litigants." *Id.* at 1532 (citing *Roper*, 445 U.S. at 332-34 & n.6).[2] It was only "in dicta" that the *Roper* court "underscore[d] the importance of a district court's class certification decision" and noted a potential concern with frustrating the objectives of class actions. *Id.*

The *Genesis* court ruled that *Roper* "turned on a specific factual finding that the plaintiffs possessed a continuing personal economic stake in the litigation, even after the defendants' offer of judgment." *Id.* The offer of judgment in *Genesis*, however, provided the named plaintiff with "'complete relief on her individual claims,'" and the named plaintiff failed to assert "any continuing economic interest in shifting attorney's fees and costs to others." *Id.*

E.   **The Impact of *Genesis* on Decisions of the Court of Appeals Extending the "Inherently Transitory" Mootness Exception to Damages Class Actions**

Prior to *Genesis*, several of the Courts of Appeals, including the Ninth Circuit and the Third Circuit (as described in the decision reversed in *Genesis*), had expanded the "inherently transitory" mootness exception to include damages class actions. *See, e.g., Pitts v. Terrible*

---

[2] Because the Court distinguished *Roper* "on the facts," it did not address *Roper*'s continuing vitality in light of *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990), which held that an "'interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.'" *See* 133 S. Ct. at 1532 n.5.

**A n d r e w s ▪ S k i n n e r , P . S .**
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

*Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011) (holding that the "inherently transitory"

exception should not be limited to "cases involving *inherently* transitory claims," but should

instead be extended to damages claims that are ""'acutely susceptible to mootness' in light of [the

defendant's] tactic of 'picking off' lead plaintiffs with a Rule 68 offer to avoid a class action'")

(quoting *Weiss v. Regal Collections*, 385 F.3d 337, 347 (3d Cir. 2004)); *Symczyk v. Genesis

Healthcare Corp.*, 656 F.3d 189 (3d Cir. 2011) (following *Weiss* in holding that defendants could

not "pick off" named plaintiffs by tendering the full amount of their individual damages claim,

whether the collective action was brought under the Fair Labor Standards Act or Rule 23), *rev'd*,

133 S. Ct. 1523 (2013).  These decisions all relied on the very same Supreme Court decisions

specifically analyzed in *Genesis* (*Sosna*, *Gerstein*, *Geraghty*, *Roper*, and *McLaughlin*).  *See Pitts*,

653 F.3d at 1087-92; *Symczyk*, 656 F.3d at 195-97; *Weiss*, 385 F.3d at 342-48.

      The Supreme Court's decision in *Genesis*, however, confirms each of these decisions

should be limited to their factual context:  (1) *Sosna* should be limited to cases where class

certification has been granted; (2) *Geraghty* should be limited to cases where class certification

has been denied; (3) *McLaughin* and *Gerstein* should be limited to injunctive relief cases where

the challenged conduct was "inherently transitory"; and (4) *Roper* should be limited to cases

where class certification has been denied and the named plaintiff retains an interest in appealing

the denial in order to shift attorneys' fees and costs to others.

      Although *Genesis* arose in the context of a collective action under § 216(b) of the Fair

Labor Standards Act ("FLSA"), the authorities on which the Third Circuit had relied in finding

that the class action claims were not moot – and which the Supreme Court found did not support

a broad application of the "inherently transitory" relation-back doctrine – all arose in the Rule 23

context.  *See Sosna*, 419 U.S. 553; *Geraghty*, 455 U.S. 388; *Roper*, 445 U.S. 326; *McLaughlin*,

500 U.S. 44; *Gerstein*, 420 U.S. 103.  In holding these decisions did not support the Third

Circuit's ruling, the Supreme Court discussed *both* the differences between § 216(b) and Rule 23

MERACORD DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION, WITH
INCLUDED MEMORANDUM OF LAW - 8

**A n d r e w s ▪ S k i n n e r ,  P . S .**
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

1  ***and*** the Third Circuit's reliance on Rule 23 cases that were, "by their own terms," distinguishable

2  from the facts in *Genesis*.  133 S. Ct. at 1529.  Thus, the holding and much of the analysis in

3  *Genesis* apply to Rule 23 class actions.  Under the Supreme Court's binding interpretation of its

4  own precedent in *Genesis*, the only valid exceptions to the general rule that mooting the named

5  plaintiff's claim moots the class action involve either (a) mooting events occurring ***after*** a class

6  certification ruling; or (b) injunctive relief claims that are "inherently transitory."

7          **F.**    **Application of *Genesis* to This Case**

8         In this case, no class certification decision has been made.  Furthermore, Johnson-Peredo

9  and the other named Plaintiffs seek only monetary damages.  Am. Compl. ¶ 295.  The Meracord

10  Defendants have served Rule 68 Offers of Judgment upon Johnson-Peredo and the other named

11  Plaintiffs in full satisfaction of their individual damages claims, including reasonable attorneys'

12  fees, costs, and expenses.  Exs. A-C.  Under *Genesis*, there is no applicable exception to the

13  general rule that satisfaction of a named plaintiff's individual claims moots the class claims.  *See*

14  133 S. Ct. 1529-32.  Accordingly, all of Plaintiff Johnson-Peredo's claims should be dismissed

15  for lack of subject-matter jurisdiction.

16

17

18

19

20

21

22

23

24

25

MERACORD DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION, WITH
INCLUDED MEMORANDUM OF LAW - 9

A n d r e w s ▪ S k i n n e r ,  P . S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

1

## IV.   CONCLUSION

2
For the foregoing reasons, this Court should dismiss Plaintiff Johnson-Peredo's claims for

3
lack of subject-matter jurisdiction.

4
DATED this 30th day of April, 2013.

5
                                                s/ C. Allen Garrett Jr.

6
PAMELA M. ANDREWS, WSBA #14248          C. ALLEN GARRETT JR. (*pro hac vice*)
JENNIFER LAUREN, WSBA #37914            Georgia Bar No. 286335

7
ANDREWS ▪ SKINNER, P.S.                 KILPATRICK TOWNSEND
645 Elliott Avenue West, Suite 350        & STOCKTON LLP

8
Seattle, Washington 98119-3911          1100 Peachtree Street, Suite 2800
Pamela.Andrews@Andrews-Skinner.com      Atlanta, Georgia 30309-4528

9
Jennifer.Lauren@Andrews-Skinner.com     AGarrett@KilpatrickTownsend.com

10

11
*Attorneys for the Meracord Defendants*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MERACORD DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION, WITH
INCLUDED MEMORANDUM OF LAW - 10

A n d r e w s ▪ S k i n n e r ,   P . S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### CERTIFICATE OF SERVICE

     I hereby certify that, on April 30, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                               s/ C. Allen Garrett Jr.
                               C. ALLEN GARRETT JR. (*pro hac vice*)
                               Georgia Bar No. 286335
                               KILPATRICK TOWNSEND
                                 & STOCKTON LLP
                               1100 Peachtree Street, Suite 2800
                               Atlanta, Georgia 30309-4528
                               AGarrett@KilpatrickTownsend.com

                               One of the Attorneys for the Meracord Defendants

MERACORD DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION, WITH
INCLUDED MEMORANDUM OF LAW

**A n d r e w s ▪ S k i n n e r ,  P. S.**
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*