HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DINAH CANADA, MARIE JOHNSON-PEREDO and ROBERT HEWSON on behalf of themselves and all others similarly situated,,

Plaintiffs,

v.

MERACORD, LLC; LINDA REMSBERG and CHARLES REMSBERG, individually and on behalf of the marital community; LLOYD E. WARD and AMANDA GLEN WARD, individually and on behalf of the marital community; LLOYD WARD, P.C.; LLOYD WARD & ASSOCIATES, P.C.; THE LLOYD WARD GROUP, P.C. (D/B/A LLOYD WARD GROUP II); WARD HOLDINGS, INC.; and SETTLEMENT COMPLIANCE COMMISSION, INC,

Defendants.

Defendants.

No. 3:12-CV-05657-BHS

PLAINTIFF MARIE JOHNSON-PEREDO'S OPPOSITION TO DEFENDANT MERACORD'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION



# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...............................................................................................1

II. FACTS ...............................................................................................................2

    A.  Overview of Action.................................................................................2

    B.  Meracord Defendants' Inadequate Rule 68 Offers ................................4

III. LEGAL ARGUMENT.........................................................................................6

    A.  *Genesis* Does Not Abrogate Ninth Circuit Law Because It Expressly
        Relates to And Concerns FLSA Collective Actions, Not Rule 23
        Class Actions .........................................................................................6

    B.  To The Extent *Genesis* Could Have Any Application to Rule 23 Class Actions,
        It Was Not An Exhaustive Treatment of Rule 23 Relation-Back Doctrine As It
        Explicitly Declined to Address Much of The Jurisprudence on Which Ninth
        Circuit Law Was Founded .....................................................................9

    C.  An Unaccepted Rule 68 Offer of Judgment Cannot Moot This Case....................11

    D.  The Rule 68 Offer to Plaintiff Johnson-Peredo Did Not Moot Her Claims
        as it Did Not Provide Full Relief ..........................................................13

        1.  A case is not moot if there remains a potential to award to Plaintiff
            any effectual relief. ....................................................................13

        2.  The Meracord Defendants' Offer of Judgment is incomplete. ..................15

            a.  Plaintiff seeks emotional distress damages....................................15

            b.  Plaintiff seeks actual damages not included in Meracord
                Defendants' Offer (in addition to emotional distress damages). ...16

            c.  Punitive damages .........................................................................17

            d.  Non-injunctive equitable relief ....................................................17

            e.  Injunctive relief...........................................................................19

IV. CONCLUSION..................................................................................................19



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Amador v. Central Mortg. Co.,*
2011 WL 4712211 (W.D. Wash. Oct. 6, 2011) ........................................................14

*Bd. of Governors of the Fed. Reserve Sys. v. Shoaib,*
1994 WL 697590 (9th Cir. Dec. 12, 1994) ...................................................14, 18

*Beaudry v. Telecheck Servs., Inc.,*
2010 WL 2901781 (M.D. Tenn. July 20, 2010) ........................................................17

*Cameron-Grant v. Maxim Healthcare Servs., Inc.,*
347 F.3d 1240 (11th Cir. 2003) ............................................................................7

*Chafin v. Chafin,*
133 S. Ct. 1017 (2013).................................................................13, 14, 15

*Chang v. United States,*
327 F.3d 911 (9th Cir. 2003) ............................................................................14

*Chie v. Reed Elsevier, Inc.,*
2011 WL 3879495 (N.D. Cal. Sept. 2, 2011) .............................................14, 15

*Clausen Law Firm v. National Acad. of Continuing Legal Educ.,*
827 F. Supp. 2d 1262 (W.D. Wash. 2010).....................................................6, 13

*Deposit Guar. Nat. Bank v. Roper,*
445 U.S. 326 (1980)......................................................................................9, 13

*Echlin v. Columbia Collectors, Inc.*
2013 WL 858206 (W.D. Wash. Mar. 7, 2013) ........................................................13

*Edeh v. Midland Credit Mgmt., Inc.,*
748 F. Supp. 2d 1030 (D. Minn. 2010)..................................................14, 16

*Gator.com Corp v. L.L. Bean, Inc.,*
398 F.3d 1125 (9th Cir. 2005) ............................................................................13

*GCB Commc'ns, Inc. v. U.S. South Commc'ns, Inc.,*
650 F.3d 1257 (9th Cir. 2011) ............................................................................14

*Genesis Healthcare Corp. v. Symczyk,*
133 S. Ct 1523 (2013)................................................................... *passim*



*Golberg v. Sanglier,*
    96 Wn.2d 874 (1982) ....................................................................................18

*Goldstein v. CBE Group, Inc.,*
    2012 WL 4087253 (C.D. Cal. Sept. 17, 2012) ............................................16

*Gomez v. Campbell-Ewald Co.,*
    805 F. Supp. 2d 923 (C.D. Cal. 2011) ..........................................................6

*Green v. McAllister,*
    103 Wn. App. 452 (2000) .............................................................................18

*Lucero v. Bureau of Collection Recovery, Inc.,*
    639 F.3d 1239 (10th Cir. 2011) .....................................................................6

*Neibel v. Trans World Assur. Co.,*
    108 F.3d 1123 (9th Cir. 1997) .....................................................................17

*Nord v. Shoreline Savings Assc.,*
    116 Wn.2d 477 (1991) .................................................................................16

*Ortega v. Collectors Training Inst. of Ill., Inc.,*
    2011 WL 241948 (S.D. Fla. Jan. 24, 2011) .................................................16

*Paul V. Hanson, Inc. v. Northwest Admin. Servs., Inc.,*
    2008 WL 353226 (Wash. App. Div. 1 Feb. 11, 2008)..................................16

*Phillips v. Cordes Towing Serv.,*
    50 Wn.2d 545 (1957) ...................................................................................17

*Pitts v. Terrible Herbst, Inc.,*
    653 F.3d 1081 (9th Cir. 2011) ............................................................ *passim*

*Roberts v. Corrothers,*
    812 F.2d 1173 (9th Cir. 1987) ...............................................................14, 15

*Saleemi v. Doctor's Assocs., Inc.,*
    176 Wn.2d 368 (2013) .................................................................................17

*Sandoz v. Cingular Wireless LLC,*
    553 F.3d 913 (5th Cir. 2008) .........................................................................6

*Scott v. Fed. Bond & Collection Serv., Inc.,*
    2011 WL 176846 (N.D. Cal. Jan. 19, 2011).................................................14



*Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*,
   242 F. Supp. 2d 273 (S.D.N.Y. 2002)................................................................14, 17

*Valencia v. Affiliated Group, Inc.*,
   2008 WL 4372895 (S.D. Fla. Sept. 24, 2008) ........................................................19

*Weiss v. Regal Collections*,
   385 F.3d 337 (3d Cir. 2004)................................................................................6, 10

*Wilhelm v. Credico, Inc.*,
   426 F. Supp. 2d 1030 (D.N.D. 2006), *rev'd on other grounds*, 519 F.3d 416
   (8th Cir. 2008).............................................................................................................17

## STATUTES

18 U.S.C. § 1964(c) ..............................................................................................................5

RCW 19.86.090 ...........................................................................................................17, 19



# I.     INTRODUCTION

Seizing on a recent Supreme Court case concerning *collective actions* under the Fair Labor Standards Act, *not class actions*, Defendant Meracord made Rule 68 offers of judgment in this case to each named Plaintiff. It now argues that the claims of Plaintiff Marie Johnson-Peredo must be dismissed for mootness, even though she rejected the Offer.[1] But binding Ninth Circuit precedent directly on point is perfectly clear: "an unaccepted Rule 68 offer of judgment – for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification – does not moot a class action."[2] Meracord would have this Court predict the result in *Genesis Healthcare Corp. v. Symczyk*[3] – which was limited to FLSA collective actions – will one day be extended to class actions so as to overrule present Ninth Circuit law. But until and unless the Supreme Court decides that its holding in *Genesis* should apply to class actions, this Court must follow *Pitts*.

Meracord's motion also fails because even if *Genesis* were one-day extended to Rule 23 cases, the factual predicate in *Genesis* simply does not exist here. The plaintiff in *Genesis* conceded that the Rule 68 offer in question mooted her individual claims. In contrast, Plaintiff Johnson-Peredo does not concede that her claims are moot. As deftly explained by Justice Kagan in dissent in *Genesis,* absent that critical concession, a rejected Rule 68 offer does not moot a case *even if it provides complete relief.*

But even further distancing this case from any possible reach of *Genesis,* Meracord's Rule 68 Offer to Plaintiff Johnson-Peredo *is not complete* as it neglects to provide various forms of relief sought by her and to which she would be entitled should she prevail on the merits.

---

[1] Meracord limited its motion to Plaintiff Johnson-Peredo since the remaining Plaintiffs' claims were stayed pending the appeal of this Court's denial of Meracord's motion to compel arbitration in the related case, *Rajagopalan v. NoteWorld, LLC*. On May 20, 2013, the Court of Appeal affirmed this Court's denial of the motion to compel arbitration. As a result, the remaining Plaintiffs' claims may now continue.

[2] *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir. 2011).

[3] 133 S. Ct 1523 (2013).

PLTF'S OPP. TO DEF. MERACORD'S
MOTION TO DISMISS FOR LACK OF
SUBJECT-MATTER JURISDICTION - 1
Case No. 12-cv-05657-BHS
010262-13   611014 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Irrespective of *Genesis,* the law is clear that offers of judgment that do not provide a plaintiff full relief do not moot a case. This provides an independent basis for denying Meracord's motion.

Finally, Meracord has provided with its motion no evidence and no argument as to whether its offer of judgment does, in fact, provide complete relief. It cannot offer new facts or new argument in its reply to this motion and, as such, Plaintiff's evidence and argument is unopposed. As a result, the only factual finding the Court can make is that the offer of judgment does not provide complete relief.

## II.    FACTS

### A.    Overview of Action

Plaintiffs initiated this class action suit against Meracord, LLC ("Meracord" and together with Charles Remsberg and Linda Remsberg the "Meracord Defendants"), and a group of alleged conspiring entities and individuals collectively termed the "Lloyd Ward Defendants," for unlawful conduct in the "debt settlement" industry. As detailed in the Amended Complaint, the Meracord Defendants conspire with a network of "front-end" debt settlement companies ("Front DSCs") – including defendant Lloyd Ward & Associates – in order to attract financially troubled and over-extended debtors from which Defendants can then extract exorbitant and illegal fees.

The Front DSCs lure customers with numerous false, misleading and illegal statements, including promises to act as intermediaries between them and their creditors in order to resolve their debts. As part of signing up to participate in a "debt settlement" program with a Front DSC, the Front DSC requires the customer to establish an escrow account, administered by Meracord, into which monthly deposits are made. Meracord then withdraws exorbitant fees from these accounts and, after taking a portion for itself, distributes the remainder to the Front DSCs. Although the Front DSCs promise customers that once a sufficient balance is accumulated in a customer's account they will approach the customer's creditors to negotiate lump-sum debt settlements on the customer's behalf, in reality, the illegal fees charged by Meracord and the Front DSCs make it impossible for the customer to accumulate sufficient funds for his or her



1   debt to be settled as promised. In almost all cases, the customer would be far better off simply

2   directing the monthly payments to his or her creditors directly.

3      Plaintiffs Dinah Canada, Robert Hewson and Marie Johnson-Peredo were all struggling

4   to pay off high-interest credit card debt when they were recruited by Front DCSs that promised

5   they could efficiently settle Plaintiffs' debts for amounts between 40 to 50% of what Plaintiffs

6   owed. Once Plaintiffs signed up with the Front DSCs, Meracord began withdrawing regular

7   payments from their bank accounts. After many months of withdrawals, none of the Plaintiffs

8   had received word of any settlement that the Front DSCs accomplished on their behalf and two

9   were sued by their creditors. Following extensive communications by Plaintiffs to Meracord and

10  the Front DSCs demanding first explanations and later a return of the monies taken from their

11  bank accounts, Plaintiffs were refunded only a portion of the money taken from them – Meracord

12  continued withholding thousands of dollars in unearned "fees" from each. In addition to amounts

13  that Meracord took from Plaintiffs' accounts and refused to refund, Plaintiffs also incurred

14  additional actual damages, such as legal expenses and damage to their credit scores. Plaintiff

15  Johnson-Peredo also suffered from compensable emotional distress.

16     Plaintiffs brought this case on behalf of themselves and of a class consisting of all

17  persons in the United States who established an account with Meracord (or any subsidiary) from

18  which Meracord processed any payments related to any debt settlement program prior to June 7,

19  2012. Plaintiffs believe that there are tens of thousands of members in the proposed class.

20     Plaintiffs allege claims pursuant to federal and state law. Specifically, Plaintiffs allege

21  that Defendants violated the Racketeering Influenced and Corrupt Organizations Act ("RICO"),

22  the Washington Debt Adjusting Act and the Washington Consumer Protection Act and that they

23  aided and abetted the commission of unfair and deceptive business conduct, breached fiduciary

24  duties, and were unjustly enriched. Plaintiffs seek compensatory damages; exemplary damages;

25  an accounting of all credits, disbursements, charges and other benefits associated with Plaintiffs'

26  and Class members' transactions; restitution of all improperly collected charges and interest and



1  the imposition of an equitable constructive trust over all such amounts; disgorgement of profits;

2  pre-judgment and post-judgment interest; attorneys' fees and costs; and any other legal or

3  equitable relief that the Court deems "appropriate."

4      The Meracord Defendants have sought multiple stays of proceedings in this Court, have

5  not answered the Amended Complaint and have generally refused to provide or delayed

6  discovery pending the resolution of their appeal of this Court's denial of their motion to compel

7  arbitration. Plaintiffs' class certification motion has not been filed.

8  **B.    Meracord Defendants' Inadequate Rule 68 Offers**

9      On April 25, 2013, in an overt attempt to moot this action before Plaintiffs could obtain

10  *any discovery*, let alone file a motion for class certification, counsel for the Meracord Defendants

11  served Offers of Judgment pursuant to Federal Rule of Civil Procedure 68 (the "Offers" or "Rule

12  68 Offers") upon each of the named Plaintiffs. *See* Exs. A-C, Rule 68 Offers.[4] Only one of the

13  three named Plaintiffs (Dinah Canada) accepted the Meracord Defendants' Rule 68 Offer. The

14  other two, Marie Johnson-Peredo and Robert Hewson, did not accept the Offers, and as the time

15  for doing so has expired, the Offers are considered rejected pursuant Federal Rule of Civil

16  Procedure 68(b).

17      The Meracord Defendants offered Dinah Canada $37,608.00; Robert Hewson

18  $16,075.50; and Marie Johnson-Peredo $13,058.46. The Offers also include pre-and post-

19  judgment interest "as authorized by law," along with reasonable attorneys' fees, costs and

20  expenses. Exs. A-C. The Meracord Defendants appear to have calculated the dollar amount of

21  their Offers by trebling the "actual" damages preliminarily calculated in Plaintiffs' November

22  12, 2012 Initial Disclosures (which Plaintiffs specifically reserved the right to supplement and

23  amend). *See* Loeser Decl. ¶ 6. Although the Meracord Defendants do not state so specifically,

24  presumably they have offered amounts equal to threefold the amounts Meracord refused to

25

26      [4] Exhibits refer to the exhibits attached to the Declaration of Thomas Loeser ("Loeser Decl."), submitted
herewith.



refund in light of the provision of RICO that mandates that a person "injured in his business or property by reason of a violation of section 1962 of this chapter … shall recover threefold the damages he sustains and the cost of the suit." 18 U.S.C. § 1964(c).

The damages figures contained in the Plaintiffs' initial disclosures consisted of the amounts that the Meracord Defendants drew from Plaintiffs' bank accounts less any amounts returned to Plaintiffs, plus in some instances the attorneys' fees that Plaintiffs incurred prior to commencing this litigation.[5] Plaintiffs have subsequently amended their initial disclosures to detail additional economic damages sustained by Plaintiff Johnson-Peredo and to provide greater clarity surrounding the other forms of relief that Plaintiffs seek. *See* Loeser Decl. ¶ 8 and Ex. D, First Supp. Disclosures.

In limiting Plaintiff Johnson-Peredo's Offer to unreturned fees collected by Meracord, and some, but not all, attorneys' fees that she incurred in a collateral proceeding, the Meracord Defendants simply ignored numerous categories of relief sought by Plaintiff and to which Plaintiff would be entitled if she prevailed on the merits of her claims. These include:

- Actual damages above and beyond the fees collected by Meracord, such as (i) all the attorneys' fees paid in defending lawsuits brought by her creditor Discover after she ceased payments at the instruction of Defendants and (ii) harm Defendants caused to Plaintiff's credit.
- Punitive damages as authorized by the Washington Consumer Protection Act.
- Emotional distress damages.
- Disgorgement of profits and an accounting.
- Injunctive relief.

Despite the failure of its Rule 68 Offer to provide Plaintiff Johnson-Peredo with complete relief, the Meracord Defendants filed the current motion to dismiss on the ground the Court lacks

---

[5] *See* Loeser Decl. ¶ 7. As reflected in Plaintiffs' First Supplemental Disclosures, the current attorneys' fees incurred by Plaintiff Marie Johnson-Peredo are actually $2,181.04, not $1000.00, the figure at the time of the Initial Disclosures. *See* Ex. D.

PLTF'S OPP. TO DEF. MERACORD'S
MOTION TO DISMISS FOR LACK OF
SUBJECT-MATTER JURISDICTION - 5
Case No. 12-cv-05657-BHS
010262-13  611014 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  subject matter jurisdiction because their Rule 68 Offer purportedly provides Plaintiff Johnson-

2  Peredo with the "full value" of her "individual damages claims."[6]

### III.   LEGAL ARGUMENT

**A.**  ***Genesis* Does Not Abrogate Ninth Circuit Law Because It Expressly Relates to And Concerns FLSA Collective Actions, Not Rule 23 Class Actions**

The law of this Circuit is that "an unaccepted Rule 68 offer of judgment – for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification – does not moot a class action."[7] This law is not new and has been well-tested; district courts in the Ninth Circuit had used this "relation-back approach" long before *Pitts v. Terrible Herbst* made it binding precedent.[8] And the Ninth Circuit is not alone; other circuits have reached similar decisions, including the Third,[9] Fifth,[10] and Tenth Circuits.[11]

Meracord insists that *Genesis* abrogated this black letter Ninth Circuit law, but *Genesis* was not a Rule 23 case. It was an FLSA case where the court decided whether specific Rule 23 holdings should be applied to §216(b) collective action cases. Ultimately, the Court decided that the Rule 23 holdings could not apply because §216(b) collective actions contain an "opt-in" component, requiring that every plaintiff who wants to benefit from the suit must opt-into the suit. This differs from a Rule 23 class action where the named plaintiff carries the interests of multiple unnamed plaintiffs. Since it is necessary for every plaintiff to actively become a part of the suit in an FLSA collective action, the Supreme Court reasoned the named plaintiff cannot

---

[6] Def.'s Mot. at 2.

[7] *Pitts v. Terrible Herbst, Inc.*, 653 F.3d at 1091-92.

[8] *See Clausen Law Firm v. National Acad. of Continuing Legal Educ.*, 827 F. Supp. 2d 1262 (W.D. Wash. 2010); *see also Gomez v. Campbell-Ewald Co.*, 805 F. Supp. 2d 923 (C.D. Cal. 2011).

[9] *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004).

[10] *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 (5th Cir. 2008) (holding that the relation-back approach could be applied in an FLSA case based on Rule 23 principles, but vacated and remanded district court order on the grounds that it failed to consider the timeliness of Defendant's motion for certification – a necessary element because of the opt-in component in FLSA §216(b) collective actions).

[11] *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239 (10th Cir. 2011).

PLTF'S OPP. TO DEF. MERACORD'S
MOTION TO DISMISS FOR LACK OF
SUBJECT-MATTER JURISDICTION - 6
Case No. 12-cv-05657-BHS
010262-13  611014 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1   have an "interest" in carrying claims forward on behalf of unknown or unnamed plaintiffs.[12] In

2   sharp contrast, as a condition of receiving contingent fee legal representation in this matter,

3   Plaintiff Johnson-Peredo here agreed that she would not advance her own interests above those

4   of the Class. *See* Loeser Decl. ¶ 9.

5        *Genesis* was not the first time the applicability of these Rule 23 cases to FLSA collective

6   actions had arisen in appellate courts. This question arose previously in *Cameron-Grant v.*

7   *Maxim Healthcare Servs., Inc.*[13] There, the Eleventh Circuit concluded that the 1947

8   amendments to the FLSA, which added the "opt-in" requirement, "prohibit what precisely is

9   advanced under Rule 23 – a representative plaintiff filing an action that potentially may generate

10   liability in favor of uninvolved class members."[14]

11        The opt-in component of FLSA collective action claims was a dispositive factor in the

12   *Genesis* Court's decision not to extend the Rule 23 relation-back approach to FLSA claims. The

13   court made a point of mentioning this three times in its analysis. First, the Court deferred to the

14   Third Circuit on the question of whether the opt-in component had mooted the plaintiff's

15   *individual* claim.[15] Next, it found that the opt-in requirement mooted her collective action claim:

16   "In the absence of any claimant's opting in, respondent's suit became moot when her individual

17   claim became moot, *because she lacked any personal interest in representing others* in this

18   action."[16] When the Plaintiff cited Rule 23 cases to oppose this finding, the Court specifically

19   cited the opt-in mechanism as the dispositive factor preventing those Rule 23 cases from being

20   applied: "Under the FLSA, by contrast [to class actions], 'conditional certification' does not

21   produce a class with an independent legal status, or join additional parties to the action. The sole

22   consequence of conditional certification is the sending of court-approved written notice to

23   _____

24   [12] *Genesis,* 133 S. Ct. at 1529.

    [13] 347 F.3d 1240 (11th Cir. 2003).

25   [14] *Id.* at 1248.

    [15] *Genesis,* 133 S. Ct. at 1527.

26   [16] *Id.* at 1529 (emphasis added).

PLTF'S OPP. TO DEF. MERACORD'S
MOTION TO DISMISS FOR LACK OF
SUBJECT-MATTER JURISDICTION - 7
Case No. 12-cv-05657-BHS
010262-13  611014 V1

HB HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1   employees … who in turn become parties to a collective action *only by filing written consent*

2   *with the court*."[17]

3         In spite of this key distinction, Meracord argues that this Court should apply *Genesis* to

4   derail the Ninth Circuit's black letter law on Rule 23. Such a request ignores the unassailable fact

5   that the Supreme Court's analysis in *Genesis* began and ended by explicitly distinguishing

6   *Genesis* from a Rule 23 case. The Court began by explaining that, "Rule 23 actions are

7   fundamentally different from collective actions under the FLSA."[18] And it ended its analysis by

8   stating: "Whatever significance 'conditional certification' may have in §216(b) proceedings, it is

9   *not tantamount* to class certification under Rule 23."[19] While the Court does not exhaustively

10   explore the differences between Rule 23 class actions and an FLSA collective action, there can

11   be no question that Justice Thomas' language meant to – and in fact did – inject daylight

12   between *Genesis* and any Rule 23 case.

13         Meracord asks this Court to extend to a Rule 23 case a Supreme Court opinion that

14   begins and ends by explicitly distinguishing itself from a Rule 23 case. Instead of addressing the

15   distinction of an opt-in mechanism on which Justice Thomas expressly relied, or the language

16   directly adverse to its position, Meracord simply ignores it. It cites no circuit or district court

17   decision even hinting that controlling Ninth Circuit law is abrogated. It cites no support from

18   secondary sources. Meracord's sole argument is its naked request for the extension of an FLSA

19   holding to a Rule 23 case that resists that extension.

20         Because this Court is compelled to follow binding Ninth Circuit law that is directly on

21   point until and unless it is actually overturned or abrogated, *Genesis* provides no legal basis for

22   Meracord's argument that this case should be dismissed.

23

24

25      [17] *Id.* at 1530 (emphasis added).

26      [18] *Id.* at 1529.
   [19] *Id.* at 1532.

HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

**B.  To The Extent *Genesis* Could Have Any Application to Rule 23 Class Actions, It Was Not An Exhaustive Treatment of Rule 23 Relation-Back Doctrine As It Explicitly Declined to Address Much of The Jurisprudence on Which Ninth Circuit Law Was Founded**

Like other circuit holdings that Rule 68 offers do not moot class actions, the Ninth Circuit law established in *Pitts v. Terrible Herbst* was partly based on policy considerations discussed by Justice Rehnquist in *Deposit Guar. Nat. Bank v. Roper*.[20] Meracord is quick to call these policy considerations "dicta," but it neglects to mention that a body of jurisprudence grew out of *Roper* and the Court in *Genesis* declined to address that body of jurisprudence because *Genesis* was an FLSA collective action case and collective actions are not "tantamount" to Rule 23 class actions.[21] In other words, *Genesis* was by its own terms never meant to be an exhaustive analysis of the Rule 23 relation-back approach.

In *Roper,* Chief Justice Rehnquist explained that allowing defendants in class actions to "pick off" plaintiffs in order to avoid the commencement of a class action wastes judicial resources and frustrates the purpose of Rule 23:

> A district court's ruling on the certification issue is often the most significant decision rendered in these class-action proceedings. To deny the right to appeal simply because the defendant has sought to "buy off" the individual private claims of the named plaintiffs would be contrary to sound judicial administration. Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement. It would be in the interests of a class-action defendant to forestall any appeal of denial of class certification if that could be accomplished by tendering the individual damages claimed by the named plaintiffs.[22]

---

[20] 445 U.S. 326 (1980).

[21] *Genesis,* 133 S. Ct. at 1532.

[22] *Roper*, 455 U.S. at 339.

HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Chief Justice Rehnquist's reasoning became doctrine when it underpinned the Third Circuit's decision in *Weiss v. Regal Collections*.[23] Reasoning that these policies applied equally before and after a plaintiff moves for class certification, the Third Circuit decided to extend the "relation-back" approach to prevent a defendant from "picking off" a plaintiff *before* the class certification motion:

> As in *Roper,* allowing the defendants here to "pick off" a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the class action procedure, and frustrate the objectives of this procedural mechanism for aggregating small claims, like those brought under the FDCPA.[24]

Citing both *Weis* and *Roper*, the Ninth Circuit in *Pitts* decided that a plaintiff's claim is not moot when she refuses an offer of judgment before moving for class certification: "A rule allowing a class action to become moot simply because the defendant has sought to 'buy off' the individual private claims of the named plaintiffs before the named plaintiffs have a chance to file a motion for class certification would thus contravene Rule 23's core concern: the aggregation of similar, small, but otherwise doomed claims … even if it does not discourage potential claimants, it may waste judicial resources by stimulating successive suits brought by others claiming aggrievement."[25]

The Supreme Court declined to consider these policies in *Genesis* on the grounds that *Genesis* was not a Rule 23 class action. In *Genesis,* the Plaintiff's claim was deemed moot because *she had stipulated that her individual claim was moot* and nobody else had opted into her collective action. To resuscitate her claim from mootness, she attempted to use, among other arguments, the same policy considerations cited in *Roper*. The Supreme Court declined to entertain these considerations – not because they were insignificant or unimportant – but

---

[23] 385 F.3d 337 (3d Cir. 2004).

[24] *Id.* at 343-44.

[25] *Pitts,* 653 F.3d at 1091 (citing *Weiss*, *supra* and *Roper, supra*) (internal quotation marks omitted).



precisely because she was not bringing a Rule 23 case.[26] Specifically, the Court stated, "*Roper*'s dictum was tethered to the unique significance of certification decisions in class-action proceedings. Whatever significance 'conditional certification' may have in § 216(b) proceedings, it is not tantamount to class certification under Rule 23."[27]

On its face, *Genesis* was not an exhaustive ruling on the Rule 23 relation-back doctrine. It was not even a Rule 23 holding. It is logically fallacious for Meracord to argue otherwise. Meracord asks this court to abrogate Ninth Circuit law because of *Genesis*, but to do so withholds explicitly adverse statements in *Genesis* and ignores implicitly adverse reasoning. Meracord asks this Court to ignore controlling and binding precedent because of its interpretation of the reasoning behind a Supreme Court case that was itself limited to FLSA collective actions, not Rule 23 class actions. Meracord's legal argument, and as such its motion, fail to carry its burden.

## C.     An Unaccepted Rule 68 Offer of Judgment Cannot Moot This Case

*Genesis* was predicated on the plaintiff's stipulation that her individual claims had been mooted.[28] Although the Court acknowledged a circuit split on whether an unaccepted offer of judgment moots a plaintiff's individual claims, it did not explore the issue: "While the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, *we do not reach this question, or resolve the split, because the issue is not properly before us*…. We, therefore, assume, without deciding, that petitioner's Rule 68 offer mooted respondent's individual claim."[29]

But Justice Kagan, in dissent, provided significant insight into how at least four members of the Court would see the issue if it actually came before them. She argued strenuously that an

---

[26] *Genesis*, 133 S. Ct. at 1532.

[27] *Id.* (internal citations omitted).

[28] *Genesis,* 133 S. Ct. at 1529.

[29] *Id.* at 1528-29 (emphasis added).



unaccepted Rule 68 offer of judgment does *not* moot an individual's claim. Citing a recent Supreme Court opinion and the terms of Rule 68 itself, the dissent demonstrated that an unaccepted offer of judgment is a legal nullity, just like any unaccepted offer of contract:

> [A]n unaccepted offer of judgment cannot moot a case. When a plaintiff rejects such an offer – however good the terms – her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer – like any unaccepted contract offer – is a legal nullity, with no operative effect. As every first-year law student learns, the recipient's rejection of an offer "leaves the matter as if no offer had ever been made." Nothing in Rule 68 alters that basic principle; to the contrary, that rule specifies that "[a]n unaccepted offer is considered withdrawn." So assuming the case was live before – because the plaintiff had a stake and the court could grant relief – the litigation carries on, unmooted.[30]

There is no controlling Ninth Circuit law on whether Justice Kagan is right. Meracord's statement "In the Ninth Circuit, a Rule 68 offer of judgment in full satisfaction of a plaintiff's claims moots the plaintiff's claims" cites a single district court declaratory judgment case decided before *Genesis*, which is itself based on a holding where the issue was whether an *accepted* Rule 68 offer of judgment exhausted the remedies sought by the Plaintiff.[31] The reasoning is inapplicable to the facts here, and it is hardly controlling, let alone persuasive.

Trying in vain to align the posture of this case with *Genesis*, Meracord assumes – without providing any evidence – that Plaintiff's individual claims are moot. But unlike *Genesis*, there is no stipulation here that the individual claims are, in fact, moot. Quite the contrary, Plaintiff Johnson-Peredo rejected the Rule 68 offer as incomplete and chose to litigate. *See* Loeser Decl. ¶ 10.

Meracord's anemic argument for mootness cites two cases cherry-picked from a circuit split, no controlling authority, and provides no application of those cases to the facts here. A

---

[30] *Id.* at 1533-34 (Kagan, E., dissenting) (internal citations omitted).

[31] *See* Defendant's Motion to dismiss at 4:15 (citing *Echlin v. Columbia Collectors, Inc.*, 2013 WL 858206, at *2-*3 (W.D. Wash. Mar. 7, 2013).



rudimentary analysis plainly shows these cases do not support Meracord's otherwise *ipse dixit* that the individual claims here are moot.[32]

### D. The Rule 68 Offer to Plaintiff Johnson-Peredo Did Not Moot Her Claims as it Did Not Provide Full Relief

Even if: (1) *Genesis* could apply to a Rule 23 case; and (2) an unaccepted offer of judgment for complete relief could moot a case – neither of which premises are supported by controlling Ninth Circuit law – Meracord's motion to dismiss must still fail because the Rule 68 Offer to Plaintiff Johnson-Peredo does not provide the full relief to which she would be entitled if she prevailed on the merits.

#### 1. A case is not moot if there remains a potential to award to Plaintiff any effectual relief.

Article III of the U.S. Constitution requires that in order "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."[33] "There is … no case or controversy, and a suit becomes moot, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[34] But a case "becomes moot only when it is *impossible for a court to grant any effectual relief whatever* to the prevailing party…. As

---

[32] There is even a question about whether individual claims can be separated from class claims in a Rule 23 case given that the Supreme Court's Rule 23 relation-back cases have found an "individual interest" in pursuing a class claim. *See, e.g., Roper,* 455 U.S. at 340 ("We conclude that on this record the District Court's entry of judgment in favor of named plaintiffs over their objections did not moot their private case or controversy, and that respondents' *individual* interest in the litigation – as distinguished from whatever may be their representative responsibilities to the putative class – is sufficient to permit their appeal of the adverse certification ruling.") (emphasis in original). *Genesis* appears to be the first case that separated an *individual* interest, but *Genesis* was an FLSA case with an opt-in mechanism distinguishing the named plaintiff from additional plaintiffs. For authority in the Ninth Circuit, Defendant Meracord cites *Echlin v. Columbia Collectors, Inc.,* 2013 WL 858206, at *2-*3 (W.D. Wash. Mar. 7, 2013), and *Gator.com Corp v. L.L. Bean, Inc.*, 398 F.3d 1125 (9th Cir. 2005). But the issue in *Gator.com* was whether the offer of judgment granted the *complete* relief sought – a fundamentally different issue than is presented here. The only Ninth Circuit authority cited by *Echlin* were *Gator.com* and a reply brief supporting a motion to dismiss that was **denied** in *Clausen Law Firm, PLLC v. Nat'l Acad. of Continuing Legal Educ.* 827 F. Supp. 2d 1262 (W.D. Wash. 2010).

[33] *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).

[34] *Id.* (internal quotations and citations omitted).



1    'long as the parties have a concrete interest, however small, in the outcome of the litigation, the

2    case is not moot.'"[35]

3         The party asserting mootness has a "heavy burden of establishing that no effective relief

4    remains for the court to provide."[36] An offer by defendant will not result in mootness if "it does

5    not provide all the relief a court might award."[37]

6         An offer that is short by any amount of what plaintiff could conceivably recover at trial or

7    fails to include any type of relief sought by plaintiff does not render it impossible for a court to

8    grant any effectual relief whatever to plaintiff in the event she prevails on the merits; therefore,

9    courts routinely conclude that such offers have not and cannot moot the cases before them.[38]

10        The conclusion that an incomplete offer cannot moot a case is further compelled by the

11   fact that in determining a Rule 12(b)(1) motion, a court may not resolve disputed issues of fact in

12   order to ascertain jurisdiction.[39] As the Supreme Court has held, a plaintiff's "prospects of

13

14

---

15   [35] *Id*. (quoting *Knox v. Service Emps.*, 132 S. Ct. 2277, 2287 (2012)) (emphasis added).

16   [36] *Chang v. United States*, 327 F.3d 911, 918-19 (9th Cir. 2003).

     [37] *Bd. of Governors of the Fed. Reserve Sys. v. Shoaib*, 1994 WL 697590, at *2 (9th Cir. Dec. 12, 1994); *cf.*
17   *GCB Commc'ns, Inc. v. U.S. South Commc'ns, Inc.*, 650 F.3d 1257 (9th Cir. 2011) (district court may not force a
     plaintiff to accept less than plaintiff claims as damages where plaintiff had agreed to settle for lesser amount only if
18   defendant made other concessions and defendant declined to do so; moreover, refusal of plaintiff to settle under such
     circumstances "[c]ertainly" did not deprive the court of jurisdiction).

19   [38] *See, e.g.*, *Chie v. Reed Elsevier, Inc.*, 2011 WL 3879495, at *3 (N.D. Cal. Sept. 2, 2011) ("because
     Defendants have not shown that they have offered Plaintiffs all they are legally entitled to recover, Defendants have
20   failed to meet their heavy burden of establishing mootness") (internal quotation omitted); *Amador v. Central Mortg.
     Co.*, 2011 WL 4712211, at *2 (W.D. Wash. Oct. 6, 2011) ("a settlement offer does not result in mootness if it does
     not provide all the relief a court might award"; thus a Rule 68 offer that includes only relief available under a federal
21   cause of action will not moot a case where plaintiff also alleged state law causes of action); *Scott v. Fed. Bond &
     Collection Serv., Inc.*, 2011 WL 176846, at *4 (N.D. Cal. Jan. 19, 2011) (holding that, where offer failed to include
22   plaintiff's attorneys fees, "the Court is forced to conclude that Defendants' Rule 68 offer, though likely beneficial to
     Plaintiff, does not offer her all that she is legally entitled to recover" and thus action is not moot); *Edeh v. Midland
23   Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1040-42 (D. Minn. 2010) (where Rule 68 Offer did not contain emotional
     distress damages sought by plaintiff the case was not moot notwithstanding the court's conclusion that such
     damages were likely to be small and that it may direct a verdict for defendant after plaintiff's presentation of
24   evidence); *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 242 F. Supp. 2d 273, 278 (S.D.N.Y. 2002)
     ("if the offer of judgment does not cover all damages … it is plain that the offer of judgment is not sufficient, and
     the case is not moot").

25   [39] *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) ("The relatively expansive standards of a
     12(b)(1) motion are not appropriate for determining jurisdiction in a case ... where issues of jurisdiction and
26   substance are intertwined" because "[a] court may not resolve genuinely disputed facts where the question of
     jurisdiction is dependent on the resolution of factual issues going to the merits") (internal quotation omitted).

---



success" are "not pertinent" to a mootness inquiry.[40] So long as a claim is not "implausible" it will preserve jurisdiction.[41] Thus, the focus in determining mootness is not whether a plaintiff is likely to succeed on his claims; so long as there is any basis in law – however remote – that would permit recovery of relief not contained within an offer of judgment, the action is not moot.[42]

### 2.    The Meracord Defendants' Offer of Judgment is incomplete.

The Meracord Defendants' Rule 68 Offer to Plaintiff Johnson-Peredo is deficient in numerous respects, ignoring whole categories of relief that Plaintiff seeks and various forms of damages she suffered. Any one of the deficiencies enumerated below requires the conclusion that the Offer failed to moot her claims. Indeed, given that the nature and magnitude of the relief awarded to Plaintiff will depend on both findings of fact and the discretion of the Court should Defendants be found liable, it is likely impossible for any unaccepted offer of judgment to preemptively and unilaterally terminate Plaintiff's claims.

### a.    Plaintiff seeks emotional distress damages.

As set forth in Plaintiff's May 20, 2013, Supplemental Disclosures, Plaintiff Johnson-Peredo has suffered actual damages in the form of compensable emotional distress damages. *See* Ex. D, Supp. Disclosures; *cf*. Am. Compl. ¶ 189 (describing how Peredo was "extremely upset emotionally" when creditor sued her after she stopped payments at direction of defendants). The Meracord Defendants' Offer of Judgment does not include compensation for the emotional distress Defendants caused to Plaintiff Johnson-Peredo.

Plaintiff asserts a state law breach of fiduciary duty claim against all Defendants. Under Washington law, a breach of fiduciary duty can be based on either negligent or intentional

---

[40] *Chafin*, 133 S. Ct. at 1024 (rejecting mootness argument that certain relief would be unavailable to plaintiff as "confus[ing] mootness with the merits").

[41] *Id*.; *see also Roberts*, 812 F.2d at 1177 (in a case where jurisdiction and mootness are intertwined, a court must rely on facts as alleged).

[42] *See e.g.*, *Chie*, 2011 WL 3879495, at *3 (concluding defendant's argue of mootness was "problematic" where "the jurisdictional issue is intertwined with the merits because whether the claims are moot depends on the amount of damages Plaintiffs are due, which in turn depends on the merits of Plaintiffs' … claims").



conduct.[43] Here, Plaintiff has alleged that Defendants "intentionally" breached duties owed to her and class members. Am. Compl., ¶ 285. If Plaintiff succeeds in proving intentional breach of fiduciary duty, Washington law permits the recovery of emotional distress damages without reference to whether the emotional distress claimed was severe.[44] As the Washington Supreme Court has held, "once plaintiff proves defendant's intentional wrongful conduct … plaintiff is only required to prove emotional distress in order to recover damages attributable to the wrongful act."[45]

Given that whether emotional distress damages should be awarded, and if so the amount of such damages, must be determined by the jury, the Rule 68 Offer, which contains no emotional distress damages at all, cannot moot Plaintiff Johnson-Peredo's damages claims.[46]

### b.   Plaintiff seeks actual damages not included in Meracord Defendants' Offer (in addition to emotional distress damages).

In addition to emotional distress damages, Plaintiff Johnson-Peredo sustained actual damages above and beyond the exorbitant fees that Meracord has, until this point, refused to return. Specifically, Plaintiff's credit has been damaged as a result of Defendants' conduct and the economic impact flowing from such harm will be presented by an expert witness. *See* Ex. D. Moreover, since serving her initial disclosures, Plaintiff has incurred attorneys' fees in collateral

---

[43] *See, e.g., Paul V. Hanson, Inc. v. Northwest Admin. Servs., Inc.*, 2008 WL 353226, at *4 (Wash. App. Div. 1 Feb. 11, 2008) (classifying the claim of breach of fiduciary duty in that case as an "intentional tort").

[44] *Nord v. Shoreline Savings Assc.*, 116 Wn.2d 477, 483-84, 804 (1991) (collecting cases).

[45] *Id.*

[46] *See, e.g., Edeh*, 748 F. Supp. 2d at 1042 ("emotional distress" is "extremely subjective" and as "the Court cannot hold that no reasonable jury could award [plaintiff] damages for emotional distress," a Rule 68 Offer that did not contain emotional distress damages will not moot the case); *Ortega v. Collectors Training Inst. of Ill., Inc.*, 2011 WL 241948, at *4-5 (S.D. Fla. Jan. 24, 2011) (Rule 68 offer that did not compensate plaintiff for emotional distress damages "did not operate to afford Plaintiff the complete relief he seeks" and thus did not moot the case; the fact that complaint sought "damages generally—without specifying the exact nature of the damages—… does not preclude Plaintiff from pursuing a claim for damages for emotional distress"); *Goldstein v. CBE Group, Inc.*, 2012 WL 4087253, at *1 (C.D. Cal. Sept. 17, 2012) (case not mooted by Rule 68 offer that included only $1 actual damages as "plaintiff *may* be able to recover actual damages exceeding the $1 offered" due to stress, humiliation, anxiety and aggravation) (emphasis in original).

---



1  proceedings, specifically a series of lawsuits by her creditor Discover that resulted when she

2  ceased paying Discover at the direction of Defendant Lloyd Ward.[47]

3      Because Meracord Defendant's Offer does not (and cannot at this point in the case)

4  contain all the actual damages that might be awarded if Plaintiff prevails, this alone dictates that

5  the case cannot be deemed moot.[48]

6              **c.    Punitive damages**

7      The Washington Consumer Protection Act (RCW 19.86) ("CPA") authorizes a punitive

8  damages award of "up to an amount not to exceed three times the actual damages sustained."[49] In

9  contrast, damages under RICO are compensatory.[50] Although the Rule 68 Offer appears to

10  contain treble damages as required by RICO, or alternatively the punitive damages under the

11  Washington CPA, the Offer assuredly does not contain both. Plaintiffs are entitled to recover

12  both treble damages under RICO and state law punitive damages.[51] The Meracord Defendants'

13  failure to include treble RICO damages, plus possible trebled punitive damages under the

14  Washington CPA, renders the Offer incomplete, and hence incapable of mooting the case.[52]

15              **d.    Non-injunctive equitable relief**

16      Plaintiff also seek equitable relief consisting of: (i) access to Meracord's books and

17  records to conduct a full accounting, (ii) the establishment of a constructive trust over improperly

---

[47] *See* Loeser Decl. ¶ 11 and Ex. D. *See also Phillips v. Cordes Towing Serv.*, 50 Wn.2d 545, 548 (1957) (attorneys' fees incurred in "collateral proceedings" constitute an element of damages).

[48] *See, e.g., Wilhelm v. Credico, Inc.*, 426 F. Supp. 2d 1030, 1034 (D.N.D. 2006), *rev'd on other grounds*, 519 F.3d 416 (8th Cir. 2008) ("While the Rule 68 offer undoubtedly offered the maximum amount of statutory damages, attorney fees, and costs [plaintiff] could receive, the offer did not include the amount of actual damages [plaintiff] sought," and thus case was not mooted by defendant's offer of judgment.); *Sibersky*, 242 F. Supp. 2d at 277-78 (although Complaint did not specifically allege actual damages, the statement in the Complaint that Plaintiff "has been damaged in an amount to be determined at trial," can be read to include a request for actual damages; as defendant's Rule 68 offer did not include such damages and the court "cannot determine on this motion whether there are such actual damages, and, if so, the amount of such damages," the offer did not moot the case).

[49] RCW 19.86.090; *Saleemi v. Doctor's Assocs., Inc.*, 176 Wn.2d 368 (2013) ("punitive" damages available under Consumer Protection Act).

[50] *Neibel v. Trans World Assur. Co.*, 108 F.3d 1123, 1131 (9th Cir. 1997).

[51] *Id.* ("We hold that a plaintiff may receive both treble damages under RICO and state law punitive damages for the same course of conduct."), *overruled on other grounds by United States v. Fernandez*, 388 F.3d 1199, 1228 (9th Cir. 2004).

[52] *See, e.g., Beaudry v. Telecheck Servs., Inc.*, 2010 WL 2901781, at *4 (M.D. Tenn. July 20, 2010).

---



collected charges and interest, and (iii) disgorgement of any profits earned by Meracord as a result of holding Plaintiff's and class members' money.[53]

The Washington Supreme Court has recognized that where a fiduciary improperly takes money from another, justice may require the imposition of a constructive trust and disgorgement of profits that accrue to the fiduciary as a result of its wrongful conduct.[54] Here, these profits may include any (i) interest earned from the retention of Plaintiff's and class members' funds, (ii) any profits realized by the reinvestment of fees charged to Plaintiff and class members and (iii) any benefits received by Meracord from its bank or banks in return for the depositing of Plaintiff's and class members' funds. *See* Ex. D.

To effectuate this disgorgement as well as to determine the identity of the banks that facilitated Defendants' conduct, Plaintiff is entitled to a full accounting conducted by an independent qualified accounting firm. Because Meracord's Offer does not provide for complete disgorgement of profits, as described above, or a full accounting, Meracord's Offer fails to provide "all the relief a court might award," and thus does not moot the case.[55]

Meracord has attempted to circumvent this obvious failing of its Offer by providing Plaintiffs what it calls "transaction history", which it no doubt will argue constitute "individual" accountings.[56] But Meracord Defendants' report is simply a document – apparently drafted by its attorneys – that falls woefully short of actually providing the information in a proper accounting to which Plaintiff is entitled. It does not show: (1) where Plaintiffs' money was held; (2) whether any interest was earned on such money; (3) where and how the exorbitant and dubious "fees" were withdrawn and distributed; and/or (4) what happened to such fees after they were

---

[53] *See* Ex. D.

[54] *See Golberg v. Sanglier*, 96 Wn.2d 874, 886-88 (1982) (defendants who breached partnership duties owed to plaintiffs and who were unjustly enriched with profits can be required to disgorge the profits accruing from their improper behavior, not merely return amounts that plaintiffs had invested); *cf. Green v. McAllister*, 103 Wn. App. 452, 468 (2000) (recognizing that partners stand in fiduciary relationship to each other).

[55] *Bd. of Governors of the Fed. Reserve Sys.*, 1994 WL 697590, at *2.

[56] *See* Loeser Decl. ¶ 13 and Ex. E, Letter dated May 14, 2013, pp. 10-12.



1  withdrawn. The report is not an accounting, it is merely a concession by Meracord defendants

2  that they wrongfully withdrew $3,352.82 from Plaintiff's account for dubious "fees" and in fact

3  settled none of her debts.[57]

4          **e.      Injunctive relief**

5          Plaintiff also seeks injunctive relief – another item not included within the Rule 68

6  Offer.[58] Injunctive relief is specifically authorized by statute: the Washington CPA permits a

7  person "who is injured in his or her business or property" by a violation of the Act to bring an

8  action to, among other things, "enjoin further violations." RCW 19.86.090. Plaintiff seeks this

9  relief to which she is statutorily entitled, namely, that the Meracord Defendants be enjoined from

10 participating in the for-profit debt relief industry or holding debt relief funds in escrow accounts.

11 Plaintiff also seeks an injunction to prohibit the Meracord Defendants from invoking any

12 arbitration clause contained in any contract between Plaintiff and any third-party debt settlement

13 company.[59]

14         Failure to include injunctive relief within a Rule 68 Offer is treated the same as failure to

15 agree to include any other category of relief to which a plaintiff may be entitled: the Offer will

16 not be deemed to moot the case.[60] As Johnson-Peredo's Offer does not include the injunctive

17 relief that Washington law explicitly permits aggrieved parties to seek, it cannot be considered to

18 offer her complete relief.

19                          **IV.     CONCLUSION**

20         Meracord asks this Court to abandon Ninth Circuit law and dismiss Plaintiff's Rule 23

21 claims based solely on the holding of *Genesis*. But *Genesis* simply does not reach this Rule 23

22 case. To makes it argument, Meracord withholds from the Court: (1) any analysis of the opt-in

---

23     [57] *See id.*

24     [58] *See* Ex. D.

25     [59] *See id.*

26     [60] *See, e.g., Valencia v. Affiliated Group, Inc.*, 2008 WL 4372895, at *2 (S.D. Fla. Sept. 24, 2008) (defendant's theory that Rule 68 offer mooted case was "fatally flawed" where defendant did not offer to satisfy injunctive relief sought).



factor affecting FLSA 216(b) cases; and (2) the Supreme Court's explicit language

differentiating FLSA 216(b) cases from Rule 23 cases. Further, *Genesis* explicitly stated that it

was not an exhaustive treatment of the relation-back doctrine and it specifically declined to treat

the policy issues upon which controlling Ninth Circuit law in *Pitts* was founded. Meracord's

entire argument can be rejected on the independent ground that its Offers of Judgment were not

an offer for the complete relief requested. This case is decidedly not moot. The Court should

deny Meracord Defendants' motion to dismiss for lack of subject matter jurisdiction.

DATED: May 20, 2013                    HAGENS BERMAN SOBOL SHAPIRO LLP


   */s/ Steve W. Berman*
Steve W. Berman (WSBA# 12536)
   */s/ Thomas E. Loeser*
Thomas E. Loeser (WSBA# 38701)
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594

THE PAYNTER LAW FIRM PLLC
Stuart M. Paynter
1200 G Street N.W., Suite 800
Washington, DC 20005
Tel.: (202) 626-4486
Fax: (866) 734-0622



1

**CERTIFICATE OF SERVICE**

2      On May 20, 2013, I caused to be electronically filed the foregoing with the Clerk of the

3  Court using the CM/ECF system, which will send notification of such filing to the following

4  attorneys of record:

5
- **Pamela Marie Andrews**
  pamela.andrews@andrews-skinner.com, jane.johnson@andrews-skinner.com,
6       kirsten.kenning@andrews-skinner.com
- **Steve W. Berman**
7       steve@hbsslaw.com, robert@hbsslaw.com, heatherw@hbsslaw.com
- **Celeste H. G. Boyd**
8       cboyd@smplegal.com
- **Jeffrey A.O. Freimund**
9       jefff@fjtlaw.com
- **C. Allen Garrett Jr.**
10      AGarrett@KilpatrickTownsend.com
- **Jennifer Lauren**
11      jennifer.lauren@andrews-skinner.com
- **Thomas E Loeser**
12      TomL@hbsslaw.com, dawn@hbsslaw.com
- **Stuart M Paynter**
13      stuart@smplegal.com, mgerton@smplegal.com

14                               */s/ Thomas E. Loeser*
                              Thomas E. Loeser (WSBA# 38701)
15

16

17

18

19

20

21

22

23

24

25

26



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594