# Exhibit 1



KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

Suite 2800, 1100 Peachtree Street
Atlanta, GA 30309-4528
t 404 815 6500  f 404 815 6555

April 29, 2013

direct dial 404 815 6141
direct fax 404 541 3211
agarrett@kilpatricktownsend.com

**VIA CM/ECF**

Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103

    Re:   *Amrish Rajagopalan v. NoteWorld, LLC*, 9th Cir. No. 12-35205
           Oral Argument Scheduled for May 6, 2013 (Seattle courthouse)

Dear Clerk of the Court:

    In accordance with Fed. R. App. P. 28(j) and Ninth Circuit R. 28-6, Defendant-Appellant NoteWorld LLC ("NoteWorld") respectfully notifies the Court of (a) the decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (Apr. 16, 2013); and (b) NoteWorld's "Offer of Judgment" to Plaintiff-Appellee.

    In *Genesis*, the Supreme Court held that an offer of judgment that mooted the named plaintiff's individual damages claim also rendered his Fair Labor Standard Act ("FLSA") collective action claim moot. 133 S. Ct. at 1529-32. After initially noting differences between Rule 23 cases and FLSA collective actions, the Court further held that, "by their own terms," the cited cases did not save plaintiff's class claims from mootness. *Id.* at 1529. Thus, the holding and much of the analysis in *Genesis* apply to Rule 23 class actions.

    The *Genesis* court explained that mooting the named plaintiff's individual claim moots the class action except where (a) there has been a ruling on class certification; or (b) the class claims are so "inherently transitory" a certification ruling could not be obtained before the claims became moot. *Id.* at 1530-31. Damages class actions are not "inherently transitory," because (a) "claim[s] for damages cannot evade review"; (b) a "full settlement offer addresses plaintiff's

Clerk of the Court
April 29, 2013
Page 2

alleged harm by making the plaintiff whole"; and (c) other "putative plaintiffs remain free to vindicate their rights in their own suits." *Id.* at 1531.

The *Genesis* court also explained that language suggesting a defendant could not "pick off" a plaintiff before a certification ruling was "dicta" and that the holding of that case only applied where the plaintiff had a "continuing economic interest in shifting attorney's fees and costs to others." *Id.* at 1531-32.

On April 25, 2013, NoteWorld served on "Offer of Judgment" on Plaintiff for the full value of Plaintiff's individual damages claim, "plus reasonable attorneys' fees, costs, and expenses." See **Exhibit A**. This offer should moot Plaintiff's individual claims (*see Echlin v. Columbia Collectors, Inc.*, No. C12-5878 RBL, 2013 WL 858206 (W.D. Wash. Mar. 7, 2013) (**Exhibit B**)) and, under *Genesis*, this class action.

        Very truly yours,

        s/ C. Allen Garrett Jr.
        C. Allen Garrett Jr.

        *One of the Attorneys for Defendant-Appellant NoteWorld LLC*

Copy: All Counsel of Record (via Appellate CM/ECF)

**9th Circuit Case Number 12-35205**

**CERTIFICATE OF SERVICE**

     I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 29, 2013.

     I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                               s/ C. Allen Garrett Jr.
                               C. Allen Garrett Jr.
                               **KILPATRICK TOWNSEND & STOCKTON LLP**
                               1100 Peachtree Street, Suite 2800
                               Atlanta, Georgia 30309-4528
                               Telephone: (404) 815-6500
                               Facsimile: (404) 815-6555

                               *One of the Attorneys for Defendant-Appellant NoteWorld LLC*

# Exhibit A

THE HONORABLE BENJAMIN H. SETTLE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMRISH RAJAGOPALAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NOTEWORLD, LLC,<br><br>Defendant. | NO. 3:11-CV-05574-BHS<br><br>**DEFENDANT'S RULE 68 OFFER OF JUDGMENT** |

DEFENDANT'S RULE 68 OFFER OF
JUDGMENT (3:11-CV-05574-BHS)

Andrews▪Skinner, P.S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

TO: Steve W. Berman
Thomas E. Loeser
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
steve@hbsslaw.com
TomL@hbsslaw.com

Stuart M. Paynter
Celeste H. G. Boyd
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, DC 20005
stuart@smplegal.com
cboyd@smplegal.com

Pursuant to Federal Rule of Civil Procedure 68, Defendant NoteWorld LLC ("NoteWorld"), by and through its undersigned attorneys, hereby offers to allow judgment to be taken against it and in favor of Plaintiff Amrish Rajagopalan for the sum of $8,595.09, plus reasonable attorneys' fees, costs, and expenses, in full satisfaction of all damages and relief sought by Mr. Rajagopalan on his individual claims in this action.

Pursuant to Fed. R. Civ. P. 68(d), if the judgment that Mr. Rajagopalan obtains is not more favorable than this unaccepted offer, Mr. Rajagopalan must pay costs incurred after this offer is made. This Offer of Judgment is made pursuant to Fed. R. Civ. P. 68 and is not to be construed as an admission of any liability on the part of the NoteWorld.

DATED this 25th day of April, 2013.

*(signature)*

PAMELA M. ANDREWS, WSBA #14248
JENNIFER LAUREN, WSBA #37914
ANDREWS ▪ SKINNER, P.S.
645 Elliott Avenue West, Suite 350
Seattle, Washington 98119-3911
Pamela.Andrews@Andrews-Skinner.com
Jennifer.Lauren@Andrews-Skinner.com

C. ALLEN GARRETT JR. (*pro hac vice*)
Georgia Bar No. 286335
KILPATRICK TOWNSEND
 & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
AGarrett@KilpatrickTownsend.com

*Attorneys for Defendant NoteWorld LLC*

DEFENDANT'S RULE 68 OFFER OF
JUDGMENT (3:11-CV-05574-BHS)

**A n d r e w s ▪ S k i n n e r , P.S.**
*645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050*

# CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2013, I served a copy of the foregoing upon all counsel of record by e-mail and by depositing a true and correct copy thereof in the United States mail, first-class postage prepaid, addressed as follows:

Steve W. Berman
Thomas E. Loeser
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
steve@hbsslaw.com
TomL@hbsslaw.com

Stuart M. Paynter
Celeste H. G. Boyd
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, DC 20005
stuart@smplegal.com
cboyd@smplegal.com

*C. Allen Garrett*

C. ALLEN GARRETT JR. (*pro hac vice*)
Georgia Bar No. 286335
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309-4528
AGarrett@KilpatrickTownsend.com

DEFENDANT'S RULE 68 OFFER OF
JUDGMENT (3:11-CV-05574-BHS)

A n d r e w s ▪ S k i n n e r ,  P . S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

# Exhibit B



Page 1

Slip Copy, 2013 WL 858206 (W.D.Wash.)
**(Cite as: 2013 WL 858206 (W.D.Wash.))**

Only the Westlaw citation is currently available.

United States District Court, W.D. Washington, at Tacoma.
Michelle ECHLIN, Plaintiff,
v.
COLUMBIA COLLECTORS, INC., Defendant.

No. C12–5878 RBL.
Dkt. No. 10.
March 7, 2013.

Aaron Radbil, Weisberg & Meyers, LLC, Phoenix, AZ, Mathew J. Cunanan, DC Law Group PLLC, Renton, WA, Jon N. Robbins, Weisberg & Meyers LLC, Loon Lake, WA, for Plaintiff.

Jeffrey I. Hasson, Davenport & Hasson, Portland, OR, for Defendant.

ORDER GRANTING MOTION TO DISMISS
RONALD B. LEIGHTON, District Judge.

**\*1** THIS MATTER is before the court on Defendant's Motion to Dismiss under Rule 12(b)(1). [Dkt. # 10]. Columbia argues that the case is moot because it made an Offer of Judgment that was greater than the maximum amount Plaintiff Echlin could possibly recover at trial.

The case arises from a debt Eichlin incurred for personal medical services. She did not pay, and Columbia Collectors began trying to collect the debt for the creditor. In October, 2012, she sued, asserting claims under the Fair Debt Collection Procedures Act. She claimed [FN1] that various notices Columbia sent to her were defective under the FDCPA, 15 U.S.C. § 1692 *et seq.*, and thus actionable under that statute. Echlin sought statutory damages under 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1000. She also sought—but did not allege that she had suffered—actual damages. She also sought reasonable attorneys' fees and costs under the FDCPA.

> FN1. Plaintiff claims that Columbia's initial communication did not "meaningfully convey" the statutory requirements, could lead the least sophisticated consumer to believe she could only dispute the debt in writing, failed convey that she could dispute a portion of the debt only, was ambiguous as to time, and that one part of the notice "overshadowed" the more generous time requirements of the FDCPA." [Dkt. # 1 at 3]. The merit of these claims is not at issue in this Motion.

A month later, Columbia sent Echlin an Offer of Judgment under Red. R. Civ. P. 68, offering Plaintiff $1500 and reasonable fees and costs:

> Columbia Collectors, Inc. dba CCI Billing Systems ("CCI"), defendant in the above entitled Action, on behalf of itself, and its employees, by and through Jeffrey I. Hasson, its attorney of record, offers, pursuant to FRCP 68 to allow Judgment in favor of plaintiff against CCI to be entered in the amount of One Thousand Five hundred and 00/100ths Dollars ($1,500.00), plus costs, disbursements and reasonable attorney's fees as determined by the Court. FRCP 68 provides, *inter alia,* that this offer is automatically withdrawn if it is not accepted within ten (10) days of service.

[Hasson Decl., Dkt. # 11 at Ex.1, November 21, 2012].

Columbia filed its Answer the same day. [Dkt. # 8] On December 12, 2012, Echlin filed [FN2] an

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2013 WL 858206 (W.D.Wash.)
**(Cite as: 2013 WL 858206 (W.D.Wash.))**

Amended Complaint. The Amended version's substantive allegations are unchanged, but it also asserts a class action, with Plaintiff Echlin as the class representative. [Dkt. # 9]

> FN2. Plaintiff did not obtain leave of Court to file this pleading, approximately 70 days after the initial Complaint, and after the Defendant filed its Answer. Nevertheless, the amendment standard is a liberal one, and the parties appear to agree that the Amended Complaint is the currently operative Complaint. *See* Fed.R.Civ.P. 15.

Defendant filed this Rule 12(b)(1) Motion a week later. It argues that the Amended Complaint is moot, because the (rejected) Offer of Judgment would have provided Plaintiff with a greater award than the amount being sought in her complaint.

Plaintiff's primary Response is purely technical: She argues that the Offer erroneously claimed that Rule 68 imposed a ten day time frame for acceptance, while the Rule actually permits 14 days. She argues that because the Rule 68 offer was not valid, it cannot operate to moot her claims. She also claims that she has alleged that she suffered actual damages, and that her total recovery (as determined by a jury) might therefore be greater than the $1000 statutory maximum.

Columbia concedes that its letter incorrectly paraphrased Rule 68's time frame, but emphasize that the Offer of Judgment was made under Rule 68—including that Rule's deadline for accepting or rejecting the claim—and that the letter did not purport to and could not change the deadline. It also points out that Plaintiff's Counsel rejected the Offer only seven days after it was made. [Hassson Decl., Dkt # 21 ]

**\*2** Columbia also points out that Plaintiff Echlin's initial disclosures confirm that she is not seeking actual damages; she is seeking only "the maximum allowable statutory damages, fees and costs." [Dkt. # 21 at Ex. 1]

**A. The Offer was Valid.**

Courts actively support Rule 68 because it encourages settlement and avoids litigation and its associated costs. Its very purpose is to encourage the termination of litigation. *See Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir.2006).

Under the terms of the Rule, the Plaintiff had 14 days to accept an Offer of Judgment. If the offer was not accepted in that time, the Rule deems it rejected and withdrawn. The fact that the Defendant's attorney mistakenly claimed that the Rule required acceptance in 10 days does not after [FN3] the requirements of the Rule, and does not make the Offer invalid. This is especially so when Plaintiff's counsel clearly knew what the Rule required, and rejected the Offer in seven days in any event.

> FN3. If Plaintiff had instead accepted the offer on day 12, and the Defendant was arguing that the acceptance was too late, the result would be the same: the Offer was made under Rule 68, and is governed by that Rule, not by counsel's erroneous recitation of the time frame.

A valid Offer of Judgment was made, and the Plaintiff rejected it through her counsel and by failing to accept it within 14 days as required by Rule 68.

**B. Plaintiff's Rejection of the Offer Moots Her Current Complaint.**

Under Fed.R.Civ.P. 12(b)(1), the court "shall dismiss" a case when it appears that it does not have subject matter jurisdiction. Federal Courts do not have subject matter jurisdiction over moot claims.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:15-cv-05672-BRO Document 101-17 Filed 05/28/15 Page 12 of 19 (11 of 11)
Case 3:12-cv-05673-BHS Document 86-1 Filed 05/28/13 Page 12 of 19

Page 3

Slip Copy, 2013 WL 858206 (W.D.Wash.)
**(Cite as: 2013 WL 858206 (W.D.Wash.))**

Columbia claims that Plaintiff's Amended Complaint is moot because the Offer she rejected would have provided her more than she can now recover. It relies on *Gator.com v. L.L. Bean, Inc.,* 398 F.3d 1125, 1131 (9th Cir.2005) (offer of judgment providing plaintiff with the maximum allowable relief would moot plaintiff's claim if rejected; subjecting it to dismissal under Rule 12(b)(1)); *Clausen Law Firm, PLLC v. Nat'l Acad. Of Continuing Legal Educ.,* 2010 WL 4651211 (W.D.Wash.) (Plaintiff's failure to accept Rule 68 offer providing Plaintiff with all the relief requested establishes that Plaintiff no longer has a cognizable interest in the litigation); and *Greisz v. Household Bank (Ill.) N.A.,* 176 F.3d 1012, 1015 (7th Cir.1999) ("you can't persist suing after you 've won.").

Echlin opposes this argument by emphasizing that her initial and her amended Complaints both seek actual damages (and that the FDCPA permits recovery of such damages). But neither Complaint alleges that Echlin *did* in fact suffer any actual damages, and the Initial Disclosures she served on Columbia confirm that she is not in fact seeking actual monetary damages.

Indeed, it is unlikely that plaintiff could pursue a class action where the class members she sought to represent claimed they had each suffered actual damages; determining those damages would require testimony and other evidence for each individual class member. The common questions would not in that event predominate over the individualized inquiries, and a class action would not be a more efficient method of adjudicating the claims. Fed.R.Civ.P. 23.

**\*3** Instead, plaintiff seeks to recover for herself and for those similarly situated statutory damages in the amount of $1000, plus reasonable costs and attorneys' fees. The Offer of Judgment she rejected would have netted her more than the amount she currently seeks, and her claim is therefore moot. Mootness deprives this Court of subject matter jurisdiction over the case. Columbia's Rule 12(b)(1) Motion is GRANTED and this matter is DISMISSED. All other pending motions are DENIED as moot.

IT IS SO ORDERED.

W.D.Wash.,2013.
Echlin v. Columbia Collectors, Inc.
Slip Copy, 2013 WL 858206 (W.D.Wash.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

# Exhibit 2



SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.   P 206.623.7292   F 206.623.0594

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
steve@hbsslaw.com

April 30, 2013

*Via ECF*

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

    Re:    *Amrish Rajagopalan v. NoteWorld, LLC*
             No. 12-35205, W.D. Wa. Case No. 3:11-cv-05574 BHS
             Plaintiffs' Response to Defendant-Appellant's Citation to
             Supplemental Authority Pursuant to FRAP 28(j) and 9th Cir. R. 28-6

Dear Ms. Dwyer:

    In a last-ditch effort to avoid Plaintiff's day in court, NoteWorld has filed a Rule 28(j) letter claiming this case is moot. The Court should disregard Noteworld's letter because it is a patent misuse and abuse of Rule 28(j).

    NoteWorld does not supplement its arguments, as Rule 28(j) intends. Instead, it advances a completely new argument based on new law and new facts—argument, law and facts *not raised in the court below and not raised in its appeal*. Rule 28(j) requires on its face that NoteWorld "state the reasons for the supplemental citations, referring…to the page of the brief…." NoteWorld cannot comply with the Rule because it has not made a mootness argument.

    Further, NoteWorld attaches to its letter a purported "Rule 68 Offer of Judgment." This is not a supplemental citation, it is a supposed factual predicate for the new argument that NoteWorld hopes to advance. Because NoteWorld is patently misusing Rule 28(j), its letter should be ignored.

    Had NoteWorld properly filed a motion to dismiss for mootness, Plaintiff's opposition would show the argument is contradicted by the authority NoteWorld cites. *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, expressly did not apply to class actions. *See id.* at *14 ("Rule 23 actions are fundamentally different from collective actions under the FLSA…"); *see also id.* at *22. Further, the Court assumed the Rule 68 Offer in fact mooted the plaintiffs' claims. *Id.* at *12. No such assumption can be made here; Plaintiff will show that NoteWorld has not offered "complete relief."

010262-12  605529 V1

Clerk of the Court
April 30, 2013
Page 2

  To the extent NoteWorld relies on the unpublished *Echlin v. Columbia Collectors, Inc.* as persuasive authority, that case is contradicted by other recent decisions and this Court's prior opinions. *See, e.g., Clausen Law Firm, PLLC v. Nat'l Acad. of Continuing Legal Educ.*, 827 F. Supp. 2d 1262 (W.D. Wash. 2010).

  Finally, NoteWorld's attempt to use Fed.R.Civ.P. 68 to "pick-off" Plaintiff directly contradicts its insistence that this case should be arbitrated. NoteWorld effectively waives its right to compel arbitration where, as here, it instead attempts to dismiss this case through a procedure available in court, not in arbitration.

  The District Court's order should be affirmed.

        Sincerely,

        HAGENS BERMAN SOBOL SHAPIRO LLP

        /s/ Steve W. Berman

        Steve W. Berman

Enclosure

cc: Pamela M. Andrews
   C. Allen Garrett, Jr.
   Stuart M. Paynter

010262-12 605529 V1

Clerk of the Court
April 30, 2013
Page 3

## PROOF OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 30, 2013.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Signature  /s/  Steve W. Berman
Steve W. Berman

010262-12  605529 V1

# Exhibit 3

HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DINAH CANADA, MARIE JOHNSON-PEREDO and ROBERT HEWSON on behalf of themselves and all others similarly situated,,<br><br>Plaintiffs,<br><br>v.<br><br>MERACORD, LLC; LINDA REMSBERG and CHARLES REMSBERG, individually and on behalf of the marital community; LLOYD E. WARD and AMANDA GLEN WARD, individually and on behalf of the marital community; LLOYD WARD, P.C.; LLOYD WARD & ASSOCIATES, P.C.; THE LLOYD WARD GROUP, P.C. (D/B/A LLOYD WARD GROUP II); WARD HOLDINGS, INC.; and SETTLEMENT COMPLIANCE COMMISSION, INC,<br><br>Defendants. | No. 3:12-CV-05657-BHS<br><br>DECLARATION OF THOMAS E. LOESER IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT MERACORD'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION |

LOESER DECL. ISO PLAINTIFFS' SUPP. AUTHORITY
Case No. 12-cv-05657-BHS

010262-13 613741 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

I, Thomas E. Loeser, declare:

1. I am a Partner at Hagens Berman Sobol Shapiro LLP and one of the attorneys of record for Plaintiffs Dinah Canada, Marie Johnson-Peredo and Robert Hewson. I am over the age of eighteen and competent to testify and provide the following information of my own personal knowledge.

2. This declaration is made in support of Plaintiffs' Supplemental Authority in Opposition to Defendant Meracord's Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

3. On May 6, 2013, I attended and argued before the Court of Appeals for Plaintiff-Appellee in *Rajagopalan v. NoteWorld, LLC*, No. 12-35205. Of the 30 minutes of argument allowed by the Court of Appeals, approximately 20 minutes was spent by the parties arguing the merits of NoteWorld's argument that its Rule 68 offer of judgment mooted Plaintiff-Appellee's case in this Court and by extension, the Court of Appeals.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28th day of May, 2013 in Seattle, Washington.

By: 

Thomas E. Loeser

LOESER DECL. ISO PLAINTIFFS' SUPP.
AUTHORITY - 1
Case No. 12-cv-05657-BHS

010262-13  613741 V1

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594