1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

DINAH CANADA, et al.,

9                                    Plaintiffs,

10            v.

11      MERACORD, LLC, et al.,

12                                    Defendants.

CASE NO. C12-5657 BHS

ORDER DENYING
DEFENDANTS' MOTION
TO DISMISS

13

14          This matter comes before the Court on Defendants Meracord, LLC, Charles

15      Remsberg, and Linda Remsberg's ("Meracord Defendants") motion to dismiss (Dkt.

16      103).  The Court has considered the pleadings filed in support of and in opposition to the

17      motion and the remainder of the file and hereby denies the motion for the reasons stated

18      herein.

19                              **I. PROCEDURAL HISTORY**

20          On July 24, 2012, Plaintiffs Marie Johnson-Peredo ("Johnson-Peredo"), Dinah

21      Canada, and Robert Hewson (collectively "Plaintiffs") filed a class action complaint

22      against numerous defendants.  Dkt. 1.  On October 29, 2012, Plaintiffs filed an amended

1    class action complaint against the Meracord Defendants and Lloyd E. Ward, Amanda

2    Glen Ward, Lloyd Ward, P.C., Lloyd Ward & Associates, P.C., The Lloyd Ward Group,

3    P.C., Ward Holdings, Inc., and Settlement Compliance Commission, Inc. alleging

4    violations of (1) the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C.

5    §§ 1961–1968; (2) the Washington Debt Adjusting Act, RCW Chapter 18.28; (3) the

6    Washington Consumer Protection Act, RCW Chapter 19.86; (4) aiding and abetting the

7    commission of unfair and deceptive business conduct; (5) breach of fiduciary duty; and

8    (6) unjust enrichment.  Dkt. 41.

9           On April 25, 2013, the Meracord Defendants served Johnson-Peredo an offer of

10   judgment for $13,058.46, plus reasonable attorneys' fees, costs, and expenses.  Dkt. 104,

11   Declaration of C. Allen Garret Jr., Exh. A.

12          On April 30, 2013, the Meracord Defendants filed a motion to dismiss.  Dkt. 103.

13   On May 20, 2013, Plaintiffs responded.  Dkt. 105.  On May 24, 2013, the Meracord

14   Defendants replied.  Dkt. 107.

15                               **II. DISCUSSION**

16          The Meracord Defendants move to dismiss Johnson-Peredo's claims on the basis

17   that the offer of judgment in full satisfaction of her claims moots her claims.  Dkt. 103.

18   The law of the Ninth Circuit, however, is "that an unaccepted Rule 68 offer of

19   judgment—for the full amount of the named plaintiff's individual claim and made before

20   the named plaintiff files a motion for class certification—does not moot a class action."

21   *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091–1092 (9th Cir. 2011).  Despite *Pitts*

22

ORDER - 2

1   being directly on point, the Meracord Defendants argue that the Supreme Court's recent

2   decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), abrogates *Pitts*.

3        In *Genesis*, the plaintiff filed a collective action under Section 16(b) of the Fair

4   Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*  133 S. Ct. at 1527.  The

5   Court assumed, without deciding, that the defendant's offer of judgment mooted the

6   plaintiff's claim.  *Id*. at 1532.  The Court then held "that respondent has no personal

7   interest in representing putative, unnamed claimants, nor any other continuing interest

8   that would preserve her suit from mootness."  *Id*.  Although the Court discussed cases

9   involving class certification issues, there is nothing to indicate that the specific holding

10  extends beyond FLSA collective actions.  In fact, the Court explicitly distinguished class

11  certification case law on the issues of significant personal stake, inherently transitory

12  claims, and frustrating the purposes of class actions by allowing a defendant to "pick off"

13  named plaintiffs.  *Id*. at 1530–1532.  As such, this Court declines to apply the *Genesis*

14  holding to the facts of this class action and denies the motion to dismiss.

15       In the event that the Court denied the motion, the Meracord Defendants request

16  that the Court certify the issue for immediate appeal.  Dkt. 107 at 4.  The Meracord

17  Defendants, however, have failed to meet their burden under the collateral order doctrine

18  in this briefing.  *See U.S. v. LKAV*, 712 F.3d 436, 439 (9th Cir. 2013).  Therefore, the

19  Court declines to certify this interim decision for appellate review at this time. This ruling

20  does not preclude a separate motion on this issue.

21

22

1

### III. ORDER

2      Therefore, it is hereby **ORDERED** that the Meracord Defendants' motion to

3   dismiss for lack of subject matter jurisdiction (Dkt. 103) is **DENIED**.

4      Dated this 6th day of June, 2013.

5

6

7              BENJAMIN H. SETTLE
               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4