HONORABLE BENJAMIN H. SETTLE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| DINAH CANADA, MARIE JOHNSON-PEREDO and ROBERT HEWSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERACORD, LLC; LINDA REMSBERG and CHARLES REMSBERG, individually and on behalf of the marital community; LLOYD E. WARD and AMANDA GLEN WARD, individually and on behalf of the marital community; LLOYD WARD, P.C.; LLOYD WARD & ASSOCIATES, P.C.; THE LLOYD WARD GROUP, P.C. (D/B/A LLOYD WARD GROUP II); WARD HOLDINGS, INC.; and SETTLEMENT COMPLIANCE COMMISSION, INC.,<br><br>Defendants. | No. 12-cv-05657-BHS<br><br>DECLARATION OF STUART M. PAYNTER IN SUPPORT OF PLAINTIFF DINAH CANADA'S MOTION FOR ATTORNEYS' FEES |



10262-13 571677V1

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

I, Stuart M. Paynter, declare:

1. I am an attorney of record for Plaintiffs Dinah Canada, Marie Johnson-Peredo and Robert Hewson, the proposed representatives of the Class designated in the Class Action Complaint. I am over the age of eighteen and competent to testify and provide the following information of my own personal knowledge.

2. The Paynter Law Firm ("Firm") is a boutique plaintiffs-side commercial litigation and consumer protection law firm with its primary offices in Washington, D.C. It specializes in complex class action lawsuits.

3. The Firm is counsel for the Plaintiffs in the following cases against Defendant Meracord LLC, formerly known as NoteWorld LLC: *Rajagopalan v. NoteWorld*, No. 3:11-cv-05574 (W.D. Wash., Filed July 26, 2011); *Canada v. Meracord*, No. 3:12-cv-05657 (W.D. Wash., Filed July 24, 2012); *Cheeks v. Fidelity & Deposit Co. of Md. et al, as sureties for Meracord, LLC*, No. CV-13-1854 (N.D. Cal., Filed Apr. 23, 2013). These cases comprise a coordinated litigation strategy, the purpose of which is to recover the maximum amount possible for individuals harmed by Meracord. All three actions seek certification of a class of Meracord account holders. The Paynter Law Firm is co-counsel in all three actions with Hagens Berman Sobol Shapiro LLP. Collectively the two firms are referred to as "Plaintiffs' Counsel."

I. **Work Undertaken by Plaintiffs' Counsel**

   A. *Rajagopalan v. NoteWorld*

4. The original complaint in the *Rajagopalan* action was filed on July 26, 2011. Over thirty pages long, the complaint asserted complex claims under the Racketeering Influenced and Corrupt Organizations Act (RICO). These claims required extensive legal and factual research.

5. Following the defeat of its motion to compel arbitration, Meracord appealed this Court's decision. Notice of Appeal, *Rajagopalan* Dkt. No. 34 (Mar. 19, 2012). On appeal, Meracord argued that this Court had erred in denying its motion to compel arbitration because, contrary to the Court's findings, (1) Meracord was entitled to invoke an arbitration clause as a third-party beneficiary to the contract between Plaintiff and the front-end debt settlement

PAYNTER DECL. ISO PLTF. DINAH CANADA'S MOT.
FOR ATTORNEYS' FEES - 1
Case No. 12-cv-05657-BHS
10262-13 571677V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

1    company; (2) Meracord was also entitled to invoke the clause on the basis of equitable estoppel;

2    and (3) the arbitration clause at issue was not substantively unconscionable.

3         6.    Plaintiff's nearly 40-page response brief forcefully defended this Court's decision

4    against all three attacks, as well as reiterating Plaintiff's argument that the arbitration clause at

5    issue was procedurally unconscionable. Plaintiff's briefing required additional extensive legal

6    research, in part due to Meracord's citation to an entire new line of additional authorities not

7    cited before this Court.

8         7.    The Ninth Circuit ultimately decided the appeal in Plaintiff's favor, affirming this

9    Court's denial of Meracord's motion to compel arbitration.

10     **B.**    *Canada v. Meracord*

11         8.    Plaintiffs' Counsel began exploring the possibility of an additional action against

12    Meracord immediately following its appeal of the Court's denial of its motion to compel

13    arbitration in the *Rajagopalan* action.

14         9.    In addition to conducting further research on Meracord and its debt settlement

15    business, Plaintiffs' Counsel contacted over forty potential plaintiffs who had previously

16    contacted them regarding their experiences with Meracord and various Front DSCs. Plaintiffs'

17    Counsel spoke with and exchanged emails with these potential plaintiffs, learned their stories,

18    and compiled and reviewed hundreds of pages of documents gathered from them in order to

19    learn more about the Meracord Enterprise and the interactions between and among Meracord and

20    the Front DSCs.

21        10.    Building on the information learned during this research, the *Canada* complaint

22    greatly expanded on the allegations in the *Rajagopalan* complaint. The *Canada* complaint added

23    allegations regarding three new named plaintiffs, as well as adding allegations regarding the

24    relationships between the Meracord Defendants and the debt settlement industry and the tactics

25    used by the Meracord Enterprise to recruit customers. The complaint also added seven new

26    defendants, including Meracord CEO Linda Remsberg individually, as well as attorney Lloyd

27    Ward and various entities associated with him and his debt settlement business.

28

PAYNTER DECL. ISO PLTF. DINAH CANADA'S MOT.
FOR ATTORNEYS' FEES - 2
Case No. 12-cv-05657-BHS
10262-13  571677V1

HB HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

11. After Defendants filed motions to dismiss and to compel arbitration, Plaintiffs' Counsel began additional extensive fact research in support of an amended complaint in order to address, among other things, Meracord's assertions that it did not conspire with Front DSC's but rather had arm's length interactions with them. In the course of that research, Plaintiffs received additional hundreds of pages of documents regarding Lloyd Ward and his associated entities that led to valuable information about Meracord's interactions with its Front DSCs. This information included documents relating to Meracord's transfer of accounts from one Front DSC to another, as well as other documents relating to interactions between the various Front DSCs—all of which offered an even clearer picture of the structure of the Meracord Enterprise in support of Plaintiffs' RICO claims against Meracord.

12. Plaintiffs used the fruits of this research to once again significantly expand the allegations in the amended *Canada* complaint ("amended complaint"). In addition to further detailing the structure of the Meracord enterprise, the amended complaint added the spouse of Linda Remsberg as a defendant in his capacity as a member of the marital community. The amended complaint also expanded on allegations regarding the unconscionability of the arbitration clauses contained in Plaintiffs' Front DSC contracts, as well as Meracord's waiver of any right to invoke such clauses given the language contained in its own Terms and Conditions.

13. Meracord refused to provide any discovery – it has yet to produce a single page of discovery in any of the three actions against it – and aggressively sought to prevent third-party discovery. Plaintiffs' Counsel vigorously opposed Meracord's delay tactics and worked diligently to move the litigation forward.

14. The Meracord Defendants combined their motion to compel arbitration with a motion to stay: (1) pending arbitration between Plaintiff Johnson-Peredo and Ward Defendants, or (2) pending the result of the *Rajagopalan* appeal. Dkt. No. 54. Plaintiffs opposed the motion, requiring, *inter alia*, research into Meracord's contention that because the Ward Defendants were signatories to the contract with Plaintiff Johnson-Peredo, any arbitration the Court compelled against Plaintiff Johnson-Peredo should also trigger a stay of the claims of Plaintiffs Canada and

PAYNTER DECL. ISO PLTF. DINAH CANADA'S MOT.
FOR ATTORNEYS' FEES - 3
Case No. 12-cv-05657-BHS
10262-13  571677V1

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Hewson.

15. In response to Plaintiffs' issuance of a single third-party subpoena seeking discovery of information regarding Meracord's license as a money transmitter in California, Meracord again filed a motion to stay discovery. Dkt. No. 69. Again Plaintiffs vigorously opposed, Dkt. No. 77, and the Court stayed the litigation with respect to Plaintiffs Canada and Hewson pending the outcome of the *Rajagopalan* appeal, but allowed discovery to proceed on Plaintiff Johnson-Peredo's claims. Dkt. No. 80 at 7.

16. In the same Order, the Court denied Defendants' motions to compel arbitration and/or dismiss. *Id.* at 6. Defendants again appealed to the Ninth Circuit and filed motions to stay the entire action pending their appeal. Dkt. Nos. 86–89. Plaintiffs successfully opposed the motions to stay pending appeal, and the Court rejected Defendants' attempt to stay the entire action, Dkt. Nos. 95, 100. Finally, Plaintiffs' Counsel promptly began drafting and serving discovery on both Defendants and relevant third parties.

17. Plaintiffs' Counsel have issued twelve subpoenas to third parties, seeking discovery relevant to the claims of Plaintiff Canada.[1]

18. Plaintiffs' Counsel have also served requests for production on the Meracord Defendants (in both the *Canada* and *Rajagopalan* actions). Meracord Defendants have yet to produce a single page of discovery in either action.

19. Plaintiffs' Counsel began a coordinated attempt to file public records requests in over 40 states in order to collect materials, including critical financial information, relevant to Plaintiffs' claims. These efforts have required complex negotiation and coordination with numerous state regulatory bodies, legal research in support of that coordination, and, in the case of the California Department of Financial Institutions, necessitated the negotiation of a

---

[1] Two subpoenas to American Fair Credit Council (served Apr. 4, 2013 in *Canada*; May 22, 2012 in *Rajagopalan*); Lloyd Ward (served May 7, 2013); Moss Adams (Meracord auditor) (served Apr. 4, 2013); Shannon & Associates (Meracord auditor) (served Apr. 10, 2013); two subpoenas to Columbia Bank (Meracord's bank) (served Apr. 4, 2013 in *Canada*; May 22, 2012 in *Rajagopalan*); two subpoenas to U.S. Bank (Meracord's bank) (served Apr. 4, 2013 in *Canada*; May 2, 2012 in *Rajagopalan*); Key Bank (Meracord's bank) (served Apr. 10, 2013); Bank of America (Lloyd Ward's bank) (served Apr. 4, 2013); First Community Bank (Lloyd Ward's bank) (served Apr. 4, 2013);

PAYNTER DECL. ISO PLTF. DINAH CANADA'S MOT.
FOR ATTORNEYS' FEES - 4
Case No. 12-cv-05657-BHS
10262-13  571677V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

confidentiality agreement. Plaintiffs' Counsel have received hundreds of pages of materials in response to these requests.

20. Plaintiffs' Counsel have also received and reviewed materials from third-party sources, most of which involves the interactions and relationships between Meracord and its Front DSCs, and is thus relevant to Plaintiff Canada's RICO claims. Plaintiffs' Counsel have also received and reviewed hundreds of pages of statements and financial records from the Meracord Defendants' numerous bank accounts in order to make some sense of the plethora of financial transactions between and among defendants and other Front DSCs.

### C. *Cheeks v. Fidelity and Deposit Co. of Md. and Platte River Ins. Co., as sureties for Meracord, LLC*

21. In conducting research in support of the *Canada* action, Plaintiffs' Counsel discovered that Meracord's licensure as a money transmitter often requires Meracord to file surety bonds with state regulators in order to insure against Meracord's bad acts in the conduct of its business—including the debt settlement business at issue in the present litigation.

22. Again as a part of the concerted effort to recover the maximum amount possible for the victims of the Meracord Enterprise, including Plaintiff Canada, Plaintiffs' Counsel filed a third class action complaint, naming Meracord's sureties as defendants. The *Cheeks* complaint required complex multijurisdictional research on the intersection of the common law of surety; state surety bond requirements, including those of Washington State; and the federal RICO act.

## II. Experience and Qualifications of The Paynter Law Firm Attorneys

23. The Paynter Law Firm has served as co-lead counsel in significant class action litigation and is currently prosecuting groundbreaking litigation around the country, including widely followed litigation on behalf of NCAA student athletes seeking damages for the use of their names and likenesses by the NCAA, its member institutions and various co-conspirators. *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, No. 4:09-cv-01967 (N.D. Cal. filed May 5, 2009).

24. Principal attorney Stuart M. Paynter is a graduate of Stanford Law School and former

PAYNTER DECL. ISO PLTF. DINAH CANADA'S MOT.
FOR ATTORNEYS' FEES - 5
Case No. 12-cv-05657-BHS
10262-13  571677V1

HB HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  clerk for Judge David S. Tatel of the United States Court of Appeals for the District of Columbia
2  Circuit. Mr. Paynter is admitted to practice before the following courts: California, North
3  Carolina, the District of Columbia, Court of Appeals for the Ninth Circuit, Court of Appeals for
4  the Seventh Circuit, Northern District of California, and Central District of California.

5      25. Mr. Paynter has extensive experience in complex commercial litigation and class
6  action litigation specifically. Prior to founding his own firm, Mr. Paynter was a litigator at
7  Sullivan & Cromwell LLP, where he represented Microsoft in a series of antitrust actions filed
8  by private plaintiffs around the country. The Paynter Law Firm is counsel in a number of
9  complex class actions including *In re: NCAA Student-Athlete Name & Likeness Licensing*
10 *Litigation,* No. 4:09-cv-01967-CW (N.D. Cal.), *Rock v. NCAA*, No. 1:12-cv-1019 JMS-DKL
11 (S.D. Ind.); and *Pecover v. Electronic Arts*, No. 08-cv-02820 CW (N.D. Cal.).

12     26. Other attorneys at The Paynter Law Firm who worked on this case possess significant
13 experience and qualifications.

14     27. <u>Jennifer Murray</u>: Ms. Murray earned a J.D. from Columbia Law School where she
15 was a Harlan Fiske Stone Scholar and Articles Editor of the Columbia Human Rights Law
16 Review. Upon graduation, she clerked for the Hon. Jack B. Weinstein of the United States
17 District Court for the Eastern District of New York. Ms. Murray then joined Sullivan &
18 Cromwell as a litigator. While at Sullivan & Cromwell, she represented clients including
19 Scotiabank, Goldman Sachs and ING on matters ranging from white collar defense and
20 investigations to antitrust and general civil litigation. In addition, she received awards for her pro
21 bono work from The Legal Aid Society and Sanctuary for Families. Ms. Murray is admitted to
22 the following courts: New York, Eastern District of New York, Southern District of New York,
23 Court of Appeals for the Federal Circuit and Court of Appeals for the Second Circuit.

24     28. <u>Celeste H.G. Boyd</u>: Ms. Boyd is a Yale Law School graduate who works with the
25 Paynter Law Firm on matters involving primarily antitrust, intellectual property, and consumer
26 protection. During law school, she worked at the Legal Aid Society – Employment Law Center
27 in San Francisco; as a Summer Associate at Morrison | Foerster LLP, and as the Student Director
28

PAYNTER DECL. ISO PLTF. DINAH CANADA'S MOT.
FOR ATTORNEYS' FEES - 6
Case No. 12-cv-05657-BHS
10262-13 571677V1

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  of the Community Lawyering Clinic at Yale, helping low-income New Haven residents access

2  legal services. Later she worked as a Staff Attorney at the New Mexico Center on Law &

3  Poverty. Ms. Boyd is admitted to the following courts: New Mexico, North Carolina, and the

4  Court of Appeals for the Ninth Circuit.

5  29. <u>Sara Willingham</u>:  Ms. Willingham graduated from University of Arkansas at Little

6  Rock Bowen School of Law in 2005. She began work at a general practice office in Clarksville,

7  Tennessee handling mostly criminal, family law, and consumer bankruptcy. From 2007 until

8  2011 she served as an Assistant Post-Conviction Defender for the State of Tennessee Office of

9  the Post-Conviction Defender in Nashville handling capital state post-conviction cases. Ms.

10 Willingham is admitted to the following courts: Tennessee, the Federal District for the Middle

11 District of Tennessee, and North Carolina (*approved, but awaiting receipt of license*).

12 30. <u>Michael Gerton</u>:  Mr. Gerton earned a law degree in 2009 from the University of

13 Maryland School of Law, where he was selected as a research assistant and practiced as a Rule

14 16 student attorney in the General Practice clinic, representing low income clients in family and

15 education matters. Mr. Gerton also served as a law clerk and later of counsel at Rainmaker

16 Sports & Entertainment with a concentration in resolving contract and misappropriation disputes.

17 He has worked at The Paynter Law Firm since 2009, with his current practice focused primarily

18 on antitrust, consumer protection, and intellectual property matters. Mr. Gerton is admitted to the

19 following courts: Maryland and the District of Columbia.

**III. Attorneys' Fees and Expenses – Calculation of The Paynter Law Firm's Lodestar and Costs Expended in the Meracord Litigation**

22 31. The Firm's attorneys have kept contemporaneous time records for all aspects of the

23 coordinated litigation against Meracord.

24 32. The Firm's lodestar is calculated based on the current hourly rates of the Firm. These

25 hourly rates are based on regular and ongoing monitoring of prevailing market rates in the

26 Washington, D.C. area and the nationwide market for complex commercial litigators of

27 comparable skill, experience and qualifications. Attorneys' fees based on these hourly rates were

PAYNTER DECL. ISO PLTF. DINAH CANADA'S MOT.
FOR ATTORNEYS' FEES - 7
Case No. 12-cv-05657-BHS
10262-13  571677V1



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

recently approved by Chief Judge Claudia Wilken of the Northern District of California in connection with final approval of a $27 million settlement in *Pecover v. Electronic Arts*, No. 08-cv-02820 CW (N.D. Cal. May 30, 2013).

33. The Paynter Law Firm's total lodestar for all the actions described above is $1,164,187.50, and its litigation expenses are $3,252.42. The expenses are the type of expenses typically billed by attorneys to paying clients in the marketplace.

34. I personally reviewed the Firm's billing and identified those entries that related to the *Canada v. Meracord* action. These entries total $413,763.39 and are summarized by attorney below. The Firm's litigation expenses—reduced using the same exclusions and percentages applied to the attorneys' fees, as outlined below—total $235.00.

| Attorney | Hourly Rate | Total Time | Bill Amount |
|---|---|---|---|
| Celeste Boyd | $475.00 | 718.63 | $149,151.48 |
| Michael Gerton | $350.00 | 92.75 | $12,037.16 |
| Abigail Long | $350.00 | 81.50 | $17,040.63 |
| Jennifer Murray | $600.00 | 211.00 | $49,705.88 |
| Stuart Paynter | $695.00 | 387.38 | $117,437.63 |
| Sara Willingham | $400.00 | 440.75 | $68,390.63 |
| | **TOTAL** | **1932.00** | **$413,763.39** |

35. The totals above were made based on the following calculations:

36. For time incurred in the initial investigation and prosecution of the *Rajagopalan* case, I allocated 12.5% of each time keeper's total time in *Rajagopalan*, based on the fact that there are a total of eight named plaintiffs across all three actions whose cases have directly benefited from Plaintiffs' Counsel's work on the *Rajagopalan* matter. When multiplied by the Firm's standard hourly rates, 12.5% of the Firm's *Rajagopalan* time totals $60,245.41.

37. For time in *Canada v. Meracord* case, I excluded:

   a. Case investigation and document review concerning exclusively the claims of plaintiffs other than Plaintiff Canada, *i.e.*, time that was exclusively related to the

PAYNTER DECL. ISO PLTF. DINAH CANADA'S MOT.
FOR ATTORNEYS' FEES - 8
Case No. 12-cv-05657-BHS
10262-13  571677V1

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  investigation/prosecution of Mr. Hewson and Ms. Johnson-Peredo's claims –
2  including, for example, time spent in teleconference with those plaintiffs or
3  reviewing their documents;

4      b. Case investigation, document review and motions practice exclusively related to
5  the claims against the Ward Entities, *i.e.*, time spent investigating jurisdictional
6  contacts, responding to Ward Entity motions and pursuing Ward Entity discovery.

7      The Firm's net time in the *Canada* action (less the time excluded per the above), multiplied
8  by its customary hourly rates, totals $333,663.88.

9      38. For time incurred in the *Cheeks* case, I allocated 12.5% of each time keeper's total
10  time in *Cheeks*, based on the fact that (1) there are a total of eight named plaintiffs across all
11  three actions; and (2) the *Cheeks* case was filed to ensure any judgment obtained on behalf of all
12  plaintiffs, including Plaintiff Canada, and the class would ultimately be collectable from
13  Meracord's sureties. When multiplied by the Firm's standard hourly rates, 12.5% of its *Cheeks*
14  time totals $19,854.10.

15      39. Attached hereto as Exhibit A is a true and correct copy of Meracord Defendants' Rule
16  68 Offer of Judgment as to Plaintiff Canada (served April 25, 2013).

17      40. Attached hereto as Exhibit B is a true and correct copy of Meracord Defendants'
18  Amended Rule 68 Offer of Judgment as to Plaintiff Canada (served May 5, 2013).

19      41. Attached hereto as Exhibit C is a true and correct copy of Letter from T. Loeser to A.
20  Garrett (May 7, 2013).

21      42. On June 1, 2013, I wrote to Meracord's counsel regarding the "reasonable attorneys'
22  fees [and] expenses included in Meracord's offer of judgment to Plaintiff Canada. The letter
23  contained a Rule 408 privileged offer to compromise the amount of fees and expenses. After
24  Meracord rejected that offer, the parties agreed that the Court should resolve the issue of
25  attorneys fees.

26      43. Attached hereto as Exhibit D is a true and correct copy of The Paynter Law Firm's
27  firm resume.

28

PAYNTER DECL. ISO PLTF. DINAH CANADA'S MOT.
FOR ATTORNEYS' FEES - 9
Case No. 12-cv-05657-BHS
10262-13  571677V1

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1   44.  I declare under penalty of perjury under the laws of the United States that the
2   foregoing is true and correct.
3
    Executed this 20th day of June, 2013 in San Francisco, California.
4
5                                                    _____
6                                                    Stuart M. Paynter

PAYNTER DECL. ISO PLTF. DINAH CANADA'S MOT.
FOR ATTORNEYS' FEES - 10
Case No. 12-cv-05657-BHS
10262-13  571677V1

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

## CERTIFICATE OF SERVICE

45.   On June 20, 2013, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

- **Allen Garrett Jr.**
  agarrett@kilpatricktownsend.com
- **James A. Krueger**
  jkrueger@vjglaw.com
- **H. Andrew Saller, Jr.**
  asaller@vjglaw.com
- **Lucy R. Clifthorne**
  lclifthorne@vjglaw.com
- **Pamela Marie Andrews**
  pamela.andrews@andrews-skinner.com, jane.johnson@andrews-skinner.com, kirsten.kenning@andrews-skinner.com
- **Steve W. Berman**
  steve@hbsslaw.com, robert@hbsslaw.com, heatherw@hbsslaw.com
- **Celeste H. G. Boyd**
  cboyd@smplegal.com
- **Jeffrey A.O. Freimund**
  jefff@fjtlaw.com
- **Jennifer Lauren**
  jennifer.lauren@andrews-skinner.com
- **Thomas E Loeser**
  TomL@hbsslaw.com, dawn@hbsslaw.com
- **Stuart M Paynter**
  stuart@smplegal.com, mgerton@smplegal.com

/s/ Thomas E. Loeser
Thomas E. Loeser (WSBA# 38701)

PAYNTER DECL. ISO PLTF. DINAH CANADA'S MOT.
FOR ATTORNEYS' FEES - 11
Case No. 12-cv-05657-BHS
10262-13  571677V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594