UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMRISH RAJAGOPALAN, et al.,

    Plaintiffs,

v.

MERACORD, LLC, et al.,

    Defendants.

CASE NO. C12-5657 BHS

ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

This matter comes before the Court on Defendant Meracord, LLC's ("Meracord") motion for a protective order (Dkt. 196). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

In this consolidated action, Plaintiffs have filed class action complaints against Meracord, its officers, and other Defendants. *See, e.g.*, Dkt. 1. Meracord, once a company with over 150 employees and servicing almost 250,000 customers, is now "a defunct company with a single employee." Dkt. 196 at 3–5. Its "sole remaining asset consists of a wasting insurance policy." *Id*.

On May 8, 2014, Meracord filed a motion for a protective order. Dkt. 196. On June 2, 2014, Plaintiffs responded. Dkt. 199. On June 6, 2014, Meracord replied. Dkt. 202.

ORDER - 1

## II. DISCUSSION

"Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, upon a showing of good cause, the Court may issue an order protecting a party from undue burden or expense by "prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure." *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). Good cause exists when prejudice or harm will result from failure to enter the protective order. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

In this case, Meracord argues that Plaintiffs' requested discovery is (1) irrelevant, (2) unduly burdensome, and (3) impermissibly sought for use in another matter. With regard to relevance, Meracord has failed to show that communications by corporate officers would not lead to the discovery of admissible evidence in support of at least Plaintiffs' civil conspiracy claim. Meracord cannot refuse to produce discovery based on its view of the "gravamen of [Plaintiffs'] complaint," which is Plaintiffs' state statutory claims. Dkt. 202 at 4. Therefore, the Court denies Meracord's motion on this issue.

With regard to whether Plaintiffs' requests are unduly burdensome, Meracord's arguments have some merit. It is undisputed that it is in the parties' best interest to conserve the remaining insurance funds to cover defense costs, cover possible judgments, and possibly protect personal assets, depending on the amount of any possible judgment.

The Court finds that the experienced attorneys in this matter should be able to meet and confer and determine the least expensive production means possible.  At this time, the Court declines to order a complete and expensive production because there are numerous alternatives to such an expensive endeavor.  Plaintiffs' proposed plan is an adequate, yet expensive plan.  Meracord's refusal to produce, or even search for, relevant documents is an inexpensive, yet wholly inadequate plan.  Therefore, the Court orders the parties to meet and confer and determine an adequate and inexpensive production plan.

With regard to the accusation that Plaintiffs are using discovery in this matter to obtain documents for use in another matter, the accusation is baseless and, in any event, has never been held to prevent the production of relevant material.

### III. ORDER

Therefore, it is hereby **ORDERED** that Meracord's motion for a protective order (Dkt. 196) is **DENIED**.

Dated this 14th day of July, 2014.

BENJAMIN H. SETTLE
United States District Judge