1

2

3          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
                    AT TACOMA

4

5  AMRISH RAJAGOPALAN, MARIE
   JOHNSON-PEREDO, ROBERT              CASE NO. C12-5657 BHS
6  HEWSON, DONTE CHEEKS,
   DEBORAH HORTON, RICHARD             ORDER DENYING
7  PIERCE, ERMA SUE CLYATT,            INTEVENORS' MOTION TO
   ROBERT JOYCE, AMY JOYCE,            INTERVENE
8  ARTHUR FULLER, DAWN MEADE,
   WAHAB EKUNSUMI, KAREN HEA,
9  and ALEX CASIANO, on behalf of
   themselves and all others similarly
10 situated,

11                 Plaintiffs,

12           v.

13 MERACORD, INC.,

14                 Defendant,

15      and

16 FIDELITY AND DEPOSIT COMPANY
   OF MARYLAND and PLATT RIVER
   INSURANCE COMPANY,

17
                 Proposed Defendant-
18               Intervenors.

19

20         This matter comes before the Court on Intervenor Defendants Fidelity and Deposit

21 Company of Maryland and Platte River Insurance Company's ("Intervenors") motion to

22 intervene (Dkt. 264). The Court has considered the pleadings filed in support of and in

1  opposition to the motion and the remainder of the file and hereby denies the motion for

2  the reasons stated herein.

3  ## I. PROCEDURAL HISTORY

4  On July 24, 2012, Plaintiffs Marie Johnson-Peredo, Dinah Canada, and Robert

5  Hewson filed a class action complaint against Defendant Meracord, LLC, ("Meracord")

6  and its CEO, Linda Remsberg.  Dkt. 1.

7  On March 2, 2015, after an appeal and a consolidation, Plaintiffs Alex Casiano,

8  Donte Cheeks, Erma Sue Clyatt, Wahab Ekunsumi, Arthur Fuller, Karen Hea, Robert

9  Hewson, Deborah Horton, Marie Johnson-Peredo, Amy Joyce, Robert Joyce, Dawn

10  Meade, Richard Pierce, and Amrish Rajagopalan ("Plaintiffs") filed an amended

11  complaint against Meracord.  Dkt. 251.  In relevant part, Plaintiffs now seek to certify a

12  class of "[a]ll persons in a Surety State who established an account with Meracord LLC"

13  during defined "Bond Periods."  *Id.*, ¶ 182–183.

14  On March 26, 2015, Intervenors filed the instant motion.  Dkt. 264.  On April 6,

15  2014, Plaintiffs responded (Dkt. 273) and voluntarily dismissed Count IX in their

16  complaint (Dkt. 275).  On April 10, 2015, Intervenors replied.  Dkt. 276.

17  ## II. DISCUSSION

18  Intervenors request that the Court allow them to intervene either as a matter of

19  right or under principles of permissive intervention.

20  ## A.    Matter of Right

21  "The party seeking to intervene bears the burden of showing that all the

22  requirements for intervention have been met."  *United States v. Alisal Water Corp.*, 370

ORDER - 2

F.3d 915, 919 (9th Cir. 2004).  In order to intervene as a matter of right under Fed. R.

Civ. P. 24(a), the applicant must establish that:

> (1) the applicant's motion is timely; (2) the applicant has asserted an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that without intervention the disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties.

*Orange Cnty. v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986).

## 1.     Timeliness

Three factors should be evaluated to determine whether a motion to intervene is

timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the

prejudice to other parties; and (3) the reason for and length of the delay."  *United States*

*v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

In this case, Plaintiffs contest all elements of the timeliness inquiry.  Although

Plaintiffs cite and analyze numerous cases in which courts have denied motions to

intervene, they fail to offer any case with similar procedural and factual circumstances as

are before this Court.  First, Plaintiffs argue that "the litigation is at . . . [an] advanced

stage . . . ."  Dkt. 273 at 11.  While it is true that the original complaint was filed almost

three years ago, the procedural posture as to the Intervenors is in its infancy.  On

February 23, 2015, the Court entered an order lifting the stay in this matter.  After that

order, Plaintiffs stipulated to the dismissal of all claims against Linda Remsberg (Dkt.

246), filed an amended complaint explicitly attacking the Intervenors (Dkt. 251),

Meracord's attorneys withdrew (Dkt. 263), Plaintiffs filed a motion for default against

1   Meracord (Dkt. 266), and mail that was sent by the Court to Meracord has been returned

2   as undeliverable (Dkt. 282).  Intervenors claim that they have been essentially set-up to

3   back-door bond claims by Plaintiffs' "side-deal" settlements and agreements with the

4   original defendants.  Dkt. 276 at 45.  While the Court is unable to find improper motives

5   on behalf of Plaintiffs, the procedural posture is at least interesting.  Regardless, the

6   Court finds that the stage of litigation for class action claims against the Intervenors is not

7   at an advanced stage.

8          Second, Plaintiffs argue that "[i]ntervention would greatly prejudice Plaintiffs . . .

9   ."  Dkt. 273 at 11.  Specifically, Plaintiffs contend that (1) intervention would interfere

10   with their litigation strategy of dismissing claims against the Remsbergs on the condition

11   that the Remsbergs would not oppose a default against Meracord and (2) discovery this

12   late in the proceeding would be more difficult or, at most, non-existent.  Dkt. 273 at 13–

13   14.  With regard to the former, the Court finds no prejudice disrupting a strategy based on

14   obtaining a default judgment instead of litigating the case on the merits.  With regard to

15   the latter, the Court finds that it is not the Intervenors' fault that Plaintiffs didn't obtain

16   discovery when it was available or, at least, more convenient.  Therefore, the Court finds

17   that Plaintiffs have failed to establish sufficient prejudice to deny the motion.

18          Third, Plaintiffs argue that the delay in filing a motion to intervene is not justified.

19   Dkt. 273 at 14–18.  While Intervenors had knowledge of potential liability some time

20   ago, it has only been a month since Plaintiffs publically exposed their strategy to amend

21   their claims to explicitly attack Intervenors' bonds and then obtain an unopposed default

22   judgment on those claims.  The Court finds that a month delay in filing a motion to

1    intervene is not unjustified delay.  Therefore, the Court concludes that Intervenors have

2    met the element of timeliness.

3          **2.     Other Elements**

4          In addition to timeliness, Intervenors must also show a "significant protectable

5    interest relating to the transaction that is the subject of the litigation," such that

6    disposition of the action may "impair or impede [their] ability to protect that interest."

7    *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).

8    This showing requires a "direct, non-contingent, substantial and legally protectable"

9    interest in the subject of the action.  *S. California Edison Co. v. Lynch*, 307 F.3d 794, 803

10   (9th Cir. 2002).

11         In this case, the parties dispute whether Intervenors have met their burden by

12   establishing a significant, protectable interest.  Originally, Intervenors contested Count

13   IX in Plaintiffs' complaint, which is a cause of action for violating state licensing

14   statutes.  Dkt. 265, Declaration of David Veis, ¶ 6 ("Plaintiffs' Count IX (Second

15   Amended Complaint ¶¶275-327) directly targets the Sureties and the bonds.").  In

16   addition to their response, Plaintiffs voluntarily dismissed this claim.  *See* Dkt. 275.

17   Although this would have seemed to resolve the dispute, Intervenors counter as follows:

18          If Count IX were the only reason for the Sureties' intervention, then the
            Sureties would have withdrawn their motion for leave to intervene. But
19          Count IX is not the sole tie to the Sureties' potential exposure and not the
            sole basis for seeking intervention.
20

21   Dkt. 276 at 7.  There are at least three problems with this argument.  First, based on a fair

22   reading of Intervenors' motion and supporting documentation, Count IX ***was*** the only

ORDER - 5

1  reason Intervenors moved to intervene.  For example, Intervenors asserted that "[i]f

2  allowed to intervene, the Sureties will vigorously defend against Plaintiffs' claims in

3  Court IX."  Dkt. 264 at 6.  Thus, Intervenors' previous assertions undermine their current

4  arguments.

5        Second, Intervenors' current arguments contradict their current argument.

6  Immediately after Intervenors assert that "Count IX is not the sole tie to the Sureties'

7  potential exposure," Intervenors only reference Count IX in arguing that "it is apparent

8  that the real target of this newly refocused and repurposed action is Bond liability."  Dkt.

9  276 at 7–8.  While the Court agrees that defining the proposed classes based on issued

10 bonds evidences a desire to expose liability under the bonds, class definitions do not

11 confer liability.  Thus, Intervenors must show some other violation of law that confers

12 liability.

13       Third, other than conclusory arguments, Intervenors fail to identify any other

14 claim that affects their interests and fail to submit any actual bond language in support of

15 their assertion that they still have an interest in this litigation.  In other words, Intervenors

16 fail to show that Plaintiffs' claims under federal statutes (Counts I–II), Washington

17 consumer protection statutes (Counts III–IV), or Washington common law (Counts V–

18 VIII) implicate liability under a state licensing bond.  Such failure to identify any actual

19 or potential liability is fatal to Intervenors' motion.  Therefore, the Court denies

20 Intervenors' motion for intervention of a matter of right because Intervenors have failed

21 to identify a protectable interest in Plaintiffs' remaining claims.

22

**B.    Permissive Intervention**

For permissive intervention under Rule 24(b), "the applicant for intervention [must] show[] (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Wilson*, 131 F.3d at 1308 (9th Cir. 1997).

In this case, Intervenors fail to show a common question of law or fact. Intervenors' original argument under this type of intervention was based on dismissed Count IX. Dkt. 264 at 11. After Plaintiffs dismissed that claim, Intervenors simply assert that the Ninth Circuit directs courts to give liberal construction to requests for permissive intervention. Dkt. 276 at 10–11. No matter how liberal the Court construes the rules of permissive intervention or Plaintiffs' complaint, Intervenors have failed to show a common question of law or fact that relates to state licensing bonds. Therefore, the Court denies Intervenors' motion for permissive intervention.

### III. ORDER

Therefore, it is hereby **ORDERED** that Intervenors' motion to intervene (Dkt. 264) is **DENIED**.

Dated this 12th day of May, 2015.

BENJAMIN H. SETTLE
United States District Judge