1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

13

14

15

16

17

AMRISH RAJAGOPALAN, MARIE
JOHNSON-PEREDO, ROBERT
HEWSON, DONTE CHEEKS,
DEBORAH HORTON, RICHARD
PIERCE, ERMA SUE CLYATT,
ROBERT JOYCE, AMY JOYCE,
ARTHUR FULLER, DAWN MEADE,
WAHAB EKUNSUMI, KAREN HEA,
and ALEX CASIANO, on behalf of
themselves and all others similarly
situated,

                        Plaintiffs,

v.

MERACORD, LLC,

                        Defendant.

CASE NO. C12-5657 BHS

ORDER GRANTING
PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY
JUDGMENT, MOTION TO
CERTIFY CLASS, AND MOTION
FOR DEFAULT JUDGMENT

18    This matter comes before the Court on Plaintiffs Alex Casiano, Donte Cheeks,

19 Erma Sue Clyatt, Wahab Ekunsumi, Arthur Fuller, Karen Hea, Robert Hewson, Deborah

20 Horton, Marie Johnson-Peredo, Amy Joyce, Robert Joyce, Dawn Meade, Richard Pierce,

21 and Amrish Rajagopalan's ("Plaintiffs") motion for partial summary judgment (Dkt.

22 253), motion to certify class (Dkt. 257), and motion for default judgment (Dkt. 279).

The Court has considered the pleadings filed in support of the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 24, 2012, Plaintiffs Marie Johnson-Peredo, Dinah Canada, and Robert Hewson filed a class action complaint against Defendant Meracord, LLC ("Meracord") and its CEO, Linda Remsberg.  Dkt. 1.

On March 6, 2012, the Court denied Defendants' motion to compel arbitration and held, in relevant part, that out of state plaintiffs may enforce Washington consumer protection statutes against Washington corporations.  *Rajagopalan v. NoteWorld, LLC*, No. C11-5574, 2012 WL 727075, at *5 (W.D. Wash. Mar. 6, 2012), *aff'd*, 718 F.3d 844 (9th Cir. 2013) ("Washington State has a strong interest in enforcing its laws against its businesses, lest the state 'become a harbor for businesses engaging in unscrupulous practices out of state.'" (quoting *Schnall v. AT & T Wireless, Servs., Inc.*, 171 Wn.2d 260, 287 (2011) (Sanders, J., dissenting))).

On March 2, 2015, after an appeal and a consolidation, Plaintiffs filed an amended complaint against Meracord.  Dkt. 251.  In relevant part, Plaintiffs now seek to certify a class of "[a]ll persons in a Surety State who established an account with Meracord LLC" during defined "Bond Periods."  *Id*. ¶¶ 182–83.

On March 10, 2015, Plaintiffs filed an unopposed motion for partial summary judgment and unopposed motion for class certification.  Dkts. 253, 257.  On April 6, 2015, Plaintiffs voluntarily dismissed Count IX of their complaint.  Dkt. 275.  On April 16, 2015, Plaintiffs filed a motion for default judgment.  Dkt. 279.

## II. FACTUAL BACKGROUND

The facts are not disputed and are sufficiently set forth in Plaintiffs' motions. Therefore, there is no need to repeat the facts in this order.

## III. DISCUSSION

**A.    Class Certification**

An individual who hopes to litigate a claim as a representative of a class must satisfy the four requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *Comcast Corp. v. Behrend*, __U.S.__, 133 S. Ct. 1426, 1432 (2013). Numerosity is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Commonality is satisfied when "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Under the typicality element, Plaintiffs must prove that "the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011). Adequacy is satisfied when "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

In this case, Plaintiffs have shown that the proposed class satisfies the four requirements of Rule 23(a). The nationwide class is sufficiently numerous. The questions of law and fact are common because the class members entered into similar business relationships to reduce their debt. Plaintiffs have shown that the violations of Washington consumer protection laws are typical of class members. Finally, Plaintiffs have shown that the representative plaintiffs adequately represent the class.

1    Plaintiffs must also show that the class may be maintained pursuant to Rule 23(b).

2    Plaintiffs argue that "[t]he class action device is far superior to, and more manageable

3    than, any other procedure available for the resolution of Plaintiffs' claims."  Dkt. 257 at

4    29.  The Court agrees.  Therefore, the Court grants Plaintiffs' motion to certify the

5    proposed class.

6    With regard to the adequacy of Plaintiffs' counsel, the Court concludes that

7    Plaintiffs' current counsel is more than adequate to litigate this action.  Therefore, the

8    Court grants the motion to appoint current counsel as class counsel.

9    In summary, the Court grants Plaintiffs' unopposed motion to certify the proposed

10   class and will enter Plaintiffs' proposed order as a separate order on the docket.

11   **B.    Summary Judgment**

12   Plaintiffs seek summary judgment on their claims against Meracord for (1)

13   violations of Washington's Debt Adjusting Act ("DAA"), RCW 18.28.010 *et seq*.; (2)

14   violations of Washington's Consumer Protection Act ("CPA"), RCW 19.86.020 *et seq*.;

15   (3) aiding and abetting the Front DRC's violations of the DAA and CPA; (4) unjust

16   enrichment; and (5) breach of fiduciary duty.  Dkt. 253.

17   **1.    Standard**

18   Summary judgment is proper only if the pleadings, the discovery and disclosure

19   materials on file, and any affidavits show that there is no genuine issue as to any material

20   fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

21   The moving party is entitled to judgment as a matter of law when the nonmoving party

22   fails to make a sufficient showing on an essential element of a claim in the case on which

1  the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

2  323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

3  could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

4  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

5  present specific, significant probative evidence, not simply "some metaphysical doubt");

6  *see also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if

7  there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

8  jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc*., 477

9  U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

10  626, 630 (9th Cir. 1987).

11  　　　　　The determination of the existence of a material fact is often a close question. The

12  Court must consider the substantive evidentiary burden that the nonmoving party must

13  meet at trial—e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477

14  U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630.  The Court must resolve any factual

15  issues of controversy in favor of the nonmoving party only when the facts specifically

16  attested by that party contradict facts specifically attested by the moving party.  The

17  nonmoving party may not merely state that it will discredit the moving party's evidence

18  at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

19  *Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

20  nonspecific statements in affidavits are not sufficient, and missing facts will not be

21  presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

22

1          **2.      Plaintiffs' Motion**

2          In this case, Plaintiffs need only submit evidence on each element of their claims

3  because the motion is unopposed.  With respect to their DAA claims, Plaintiffs have

4  submitted sufficient evidence to establish that Meracord (1) was a "debt adjuster" that (2)

5  "receive[d] or ma[d]e any charge" (3) "in excess of the maximums permitted" in

6  violation of RCW 18.28.010, 18.28.080, and 18.28.090.  Dkt. 253 at 14–18.  Therefore,

7  the Court grants summary judgment on Plaintiffs' DAA claims.

8          With regard to Plaintiffs' CPA claims, violations of the DAA are *per se* violations

9  of the CPA.  Once Plaintiffs establish *per se* violations, then they must only establish

10  injury that was caused by Meracord.  On those issues, Plaintiffs have submitted sufficient

11  evidence.  Dkt. 253 at 18–19.  Therefore, the Court grants summary judgment on

12  Plaintiffs' CPA claims.

13          With regard to Plaintiffs' aiding and abetting claims, Plaintiffs have established

14  that Meracord acted in concert with the Front DRCs and offered substantial assistance to

15  those companies in obtaining the unlawful fees.  Dkt. 253 at 19–20.  Therefore, the Court

16  grants summary judgment on Plaintiffs' claims for aiding and abetting in violation of the

17  DAA and CPA.

18          With regard to Plaintiffs' common law unjust enrichment and breach of fiduciary

19  duty claims, Plaintiffs have submitted sufficient evidence to establish these claims.  Dkt.

20  253 at 21–25.  Therefore, the Court grants summary judgment on Plaintiffs' claims for

21  unjust enrichment and breach of fiduciary duty.

22

**C.      Default Judgment**

The Ninth Circuit has held that courts "may consider" the following factors in exercising their discretion to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

In this case, Plaintiffs argue that the weight of the factors favor an entry of default judgment for the Plaintiffs.  Dkt. 279.  The Court agrees.  Therefore, the Court grants the motion and will enter Plaintiffs' proposed order, with the exception of excluding voluntarily dismissed Count IX.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for partial summary judgment (Dkt. 253), motion to certify class (Dkt. 257), and motion for default judgment (Dkt. 279) are **GRANTED**.

Dated this 14th day of May, 2015.

BENJAMIN H. SETTLE
United States District Judge