1

2                       UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
3                                 AT TACOMA

4

5

6

7    AMRISH RAJAGOPALAN, MARIE
     JOHNSON-PEREDO, ROBERT
8    HEWSON, DONTE CHEEKS,              NO. 12-CV-05657-BHS
     DEBORAH HORTON, RICHARD
9    PIERCE, ERMA SUE CLYATT,
     ROBERT JOYCE, AMY JOYCE,           **ORDER GRANTING PLAINTIFFS'**
10   ARTHUR FULLER, DAWN MEADE,         **MOTION FOR CLASS**
     WAHAB EKUNSUMI, KAREN HEA,         **CERTIFICATION**
11   and ALEX CASIANO on behalf of
     themselves and all others similarly
12   situated,

13                    Plaintiffs,

14          v.

15
     MERACORD, LLC,
16
                      Defendant.
17

18

19

20

21

22

23

24

25

26

1

2

This matter comes before the Court on Plaintiffs' Motion for Class Certification ("Motion"), filed March 10, 2015.

3

4

Upon consideration of the foregoing Motion, the papers submitted in support and opposition thereto, and good cause appearing, IT IS HEREBY ORDERED that:

5

6

7

8

9

Plaintiffs' Motion is GRANTED. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies a Class consisting of all persons in a Surety State who established an account with Meracord, LLC (formerly NoteWorld) or any subsidiary thereof from which Meracord processed any payments related to debt settlement, including MARS, within the Bond Period of their state of residence.

10

Surety States and respective Bond Periods are defined as follows:

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| Surety States | Bond Periods |
|---|---|
| Alaska | August 5, 2009–Present |
| Alabama | July 24, 2009–Present |
| Arkansas | July 31, 2010–Present |
| Arizona | November 29, 2008–Present |
| California | April 15, 2012–Present |
| Colorado | August 6, 2008–Present |
| Connecticut | November 1, 2007–Present |
| Washington D.C. | October 19, 2009–Present |
| Delaware | September 21, 2009–Present |
| Florida | February 1, 2009–Present |
| Georgia | January 12, 2009–Present |
| Hawaii | July 9, 2009–Present |
| Iowa | March 1, 2009–Present |
| Idaho | August 3, 2009–Present |
| Illinois | October 27, 2010–Present |
| Indiana | February 5, 2009–Present |
| Kansas | July 15, 2009–Present |
| Kentucky | October 19, 2009–Present |

ORDER GRANTING PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION  - 2
CASE NO. 12-CV-05657-BHS

| | |
|---|---|
| Louisiana | March 20, 2009–Present |
| Maryland | January 1, 2009–Present |
| Maine | July 24, 2009–Present |
| Michigan | December 31, 2010–Present |
| Minnesota | February 13, 2009–Present |
| Missouri | October 10, 2010–Present |
| Mississippi | May 5, 2009–Present |
| North Carolina | March 5, 2009–Present |
| North Dakota | September 21, 2009–Present |
| Nebraska | May 29, 2009–Present |
| New Hampshire | November 30, 2008–Present |
| New Jersey | November 30, 2008–Present |
| Nevada | May 5, 2009–Present |
| New York | July 1, 2009–Present |
| Ohio | April 1, 2009–Present |
| Oklahoma | March 23, 2009–Present |
| Pennsylvania | June 27, 2008–Present |
| Rhode Island | June 23, 2009–Present |
| South Dakota | August 5, 2009–Present |
| Tennessee | September 22, 2010–Present |
| Texas | October 3, 2007–Present |
| Virginia | August 27, 2009–Present |
| Vermont | September 21, 2009–Present |
| Washington | September 29, 2008–Present |
| Wisconsin | June 3, 2009–Present |
| West Virginia | March 20, 2009–Present |
| Wyoming | October 22, 2009–Present |

Excluded from the Class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the above have or had a controlling interest.

ORDER GRANTING PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION  - 3
CASE NO. 12-CV-05657-BHS

1    Also excluded are (1) Meracord customers in Washington state whose debt

2    settlement accounts were opened between July 26, 2007, and October 18, 2011 (those within the

3    Class Period covered by the settlement in *Wheeler v. NoteWorld*, 2:10-cv-00202-LRS (E.D.

4    Wash.)); (2) Meracord customers in Georgia whose debt settlement accounts were opened

5    between July 26, 2007, and July 28, 2011 (those within the Class Period covered by the settlement

6    in *Morefield v. NoteWorld*, Case No. 1:10-CV-00117 (S.D. Ga.)); and (3) Meracord customers

7    who signed agreements with Debt Shield as their Front DRC, and whose accounts were opened

8    between July 26, 2007, and September 25, 2013 (those within the Class Period covered by the

9    settlement in *Haile v. Debt Shield*, Case No. 2:08-CV-04295-SOW (W.D. Mo.)).

10   The Court finds that (1) the Class is so numerous that joinder of all members is

11   impracticable; (2) there are questions of law or fact that are common to the Class; (3) the claims of

12   the Class Representatives are typical of the claims of the Class; and (4) the Class Representatives

13   will fairly and adequately protect the interests of the class.

14   The Court finds that Washington law should apply nationwide, and that Plaintiffs have

15   demonstrated that Defendant has sufficient contacts with the state of Washington under *Phillips*

16   *Petroleum Co. v. Shutts*, 472 U.S. 797, 821-822 (1985).

17   The Court appoints Plaintiffs Amrish Rajagopalan, Marie Johnson-Peredo, Robert Hewson,

18   Donte Cheeks, Deborah Horton, Richard Pierce, Erma Sue Clyatt, Robert Joyce, Amy Joyce,

19   Arthur Fuller, Dawn Meade, Wahab Ekunsumi, Karen Hea, and Alex Casiano as Class

20   Representatives. The Court also appoints the law firms of Hagens Berman Sobol Shapiro LLP and

21   The Paynter Law Firm PLLC as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

22   The Court finds that certification is appropriate under Rule 23(b)(1) because there are

23   limited and insufficient funds available to compensate the Class. Specifically, the Court finds that

24   any damages award to the Class will far exceed any remaining assets of Meracord and far exceed

25   available surety bonds issued in favor of Meracord. All the available funds will be devoted to

26

compensating Class members, less allowances for costs and attorneys' fees. Certification will ensure that all similarly situated Class members are treated equitably.

Pursuant to Rule 23(c)(2)(A), the Court exercises its discretion to direct notice. Given that Defendant has reported that the customer database provided to Plaintiffs contains email addresses for approximately 75% of the customer accounts, and given that Plaintiffs' counsel also maintain a database of additional customers who have contacted them, the Court finds that the most efficient and cost effective notice under the circumstances is email notice by Class Counsel to all valid email addresses found in the customer databases. That notice shall be substantially in the form of Exhibit A to this Order, and shall be sent out within 30 days of this Order.

IT IS SO ORDERED.

Dated: May 14, 2015

_____
BENJAMIN H. SETTLE
United States District Judge

**Presented By:**

HAGENS BERMAN SOBOL SHAPIRO LLP

By: ___/s/ Steve W. Berman_____
By: ___/s/ Thomas E. Loeser_____
Steve W. Berman, WSBA# 12536
Thomas E. Loeser, WSBA# 38701
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Tel.: (206) 623-7292
Fax: (206) 623-0594
steve@hbsslaw.com
TomL@hbsslaw.com

ORDER GRANTING PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION - 5
CASE NO. 12-CV-05657-BHS

THE PAYNTER LAW FIRM PLLC
Stuart M Paynter (*pro hac vice*)
Jennifer L. Murray (*pro hac vice*)
1200 G Street N.W., Suite 800
Washington, DC 20005
Tel. (202) 626-4486
Fax: (866) 734-0622
stuart@smplegal.com
jmurray@paynterlawfirm.com

*Attorneys for Plaintiffs*

# EXHIBIT A

SUBJECT: Important Notice from the United States District Court for the District of Washington about a

Class Action

> **If you were a customer of MERACORD, LLC (formerly NOTEWORLD, LLC) who signed up for Meracord's payment processing services as part of a DEBT RELIEF PROGRAM, you may be affected by a recent legal decision.**

## What is this about?

Starting in 2011, Meracord was sued by former customers ("Plaintiffs") who alleged that Meracord, along with a number of debt-relief companies, engaged in a fraudulent scheme to charge excessive and illegal fees. The Plaintiffs alleged that Meracord's actions violated the Washington Debt Adjusting Act, the Washington Consumer Protection Act, and other laws.

For a copy of the most recent Complaint in the lawsuit, click here.

The lawsuit was a "class action" on behalf of all customers who signed up for Meracord's services as part of any debt relief program, including any program designed to settle, reduce, modify, or eliminate debts (whether that debt was in the form of a credit card, charge card, student loan, mortgage, or other form).

The Court recently certified a Class in this lawsuit, which means that any legal result of the lawsuit will affect not only the Plaintiffs, but all members of the Class.

## Who's included in the Class?

You are included in the Class if you are a resident of a "Surety State," and Meracord processed any payments for you related to a debt relief program, as long as at least one of those payments was withdrawn during the "Bond Period" listed for that state. To see a list of Surety States and their applicable Bond Periods, click here.

## Will I get money from this lawsuit?

Meracord is out of business and has almost no assets. However, Meracord was required to obtain surety bonds in many states when it became licensed as a money transmitter, and those surety bonds could be a possible source of funds to compensate Class members. Plaintiffs are seeking a "default judgment" against Meracord. Assuming that the default judgment is awarded, Plaintiffs intend to recover as much as possible from the surety bonds. There is, however, no guarantee that any Class members will get compensation from the lawsuit, and even the full amount of the bonds will not be enough to fully compensate Meracord's customers for the fees they paid.

## How can I get more information?

For more information about this lawsuit, you can visit the following website:
www.meracordclassaction.com

## Who is Representing Me in This Lawsuit?

The Court has appointed two law firms to represent the Class: The Paynter Law Firm PLLC and Hagens Berman Sobol & Shapiro LLP. To contact either firm visit www.paynterlawfirm.com or www.hbsslaw.com.