UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMRISH RAJAGOPALAN, MARIE JOHNSON-PEREDO, ROBERT HEWSON, DONTE CHEEKS, DEBORAH HORTON, RICHARD PIERCE, ERMA SUE CLYATT, ROBERT JOYCE, AMY JOYCE, ARTHUR FULLER, DAWN MEADE, WAHAB EKUNSUMI, KAREN HEA, and ALEX CASIANO on behalf of themselves and all others similarly situated, | No. 12-cv-05657-BHS |
| Plaintiffs, | **FINAL JUDGMENT AND ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT FINAL JUDGMENT** |
| v. | |
| MERACORD, LLC, | |
| Defendant. | |
| and | |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND and PLATTE RIVER INSURANCE COMPANY, | |
| Proposed Defendant-Intervenors. | |

This matter comes before the Court on Plaintiffs' Motion for Default Final Judgment ("Motion"). Upon consideration of the foregoing Motion, the papers submitted in support and opposition thereto, and good cause appearing, Plaintiffs' Motion is GRANTED, and IT IS HEREBY ORDERED that:

In accordance with Rule 23(a), 23(b)(1)(B) and 23(g) of the Federal Rules of Civil Procedure a class ("Judgment Class" or "Class") is hereby certified as follows:

> All persons in a Surety State who established an account with Meracord LLC (formerly NoteWorld) or any subsidiary thereof from which Meracord processed any payments related to debt settlement, including MARS, within the Bond Period of their state of residence.

Surety States and respective Bond Periods are defined as set forth in Appendix A.

Excluded from the Class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest. Also excluded are (1) Meracord customers in Washington state whose debt settlement accounts were opened between July 26, 2007, and October 18, 2011 (those within the Class Period covered by the settlement in *Wheeler v. NoteWorld*, 2:10-cv-00202-LRS (E.D. Wash.)); (2) Meracord customers in Georgia whose debt settlement accounts were opened between July 26, 2007, and July 28, 2011 (those within the Class Period covered by the settlement in *Morefield v. NoteWorld*, Case No. 1:10-CV-00117 (S.D. Ga.)); and (3) Meracord customers who signed agreements with Debt Shield as their Front DRC, and whose accounts were opened between July 26, 2007, and September 25, 2013 (those within the Class Period covered by the settlement in *Haile v. Debt Shield*, Case No. 2:08-CV-04295 (W.D. Mo.)).

With respect to the Judgment Class, the Court finds that class-wide application of Washington law is appropriate.

With respect to the Judgment Class, the requirements of Rules 23(a) have been met in that: (1) the number of Judgment Class Members, over 130,000, is so numerous that joinder is impracticable and members of the Class are ascertainable through Meracord's customer

FINAL JUDGMENT AND ORDER GRANTING
PLAINTIFFS' MOTION FOR DEFAULT FINAL
JUDGMENT - 1

database; (2) there are questions of law and fact common to the class; (3) the claims of the twelve Class representatives are typical of the claims of the Class; and (4) the twelve Class representatives will fairly and adequately protect the interests of the Class.

Certification is appropriate under Rule 23(b)(1) because there are limited and insufficient funds available to compensate the Class. All of the available funds will be devoted to compensating Class members, less allowances for costs and attorneys' fees. Certification is necessary to ensure that all similarly situated Class members are treated equitably.

Pursuant to Rule 23(c)(2)(A), in light of the Defendant's limited resources, the Court determines that notice at this juncture would diminish funds that might later be available to the Class. In the event of a recovery on behalf of the Class, the Court will direct appropriate notice.

Rule 23(g) is satisfied because Plaintiffs' counsel will fairly and adequately represent the interests of the Judgment Class. The Court therefore appoints Hagens Berman Sobol Shapiro LLP and The Paynter Law Firm PLLC as class counsel.

Judgment against Defendant on behalf of the Judgment Class is granted on all causes of action asserted in the Complaint, except for Count IX.

Based on the review of the April 9, 2015 Declaration of Lorraine M. Tafoya, the Court finds that the judgment class is entitled to damages of $484,757,939.30. Pursuant to Section 1964(c) of RICO, this amount will be trebled for a total judgment of $1,454,273,818.90. The Court orders that this judgment amount be allocated as described in Appendix A attached hereto.

There is no reason for delay in the entry of judgment against Defendant and final judgment is appropriately entered pursuant to Federal Rule of Civil Procedure 54(b).

The Court reserves jurisdiction over this action including all proceedings on behalf of the Class concerning the collection or enforcement of this judgment. In the event that the Class representatives, on behalf of the Class, seek to satisfy this judgment from Meracord's surety bonds, Class representatives, on behalf of the Class, shall file a complaint against Meracord's sureties within thirty (30) days of this Order.

1    IT IS SO ORDERED.

2    Dated: May 14, 2015

3

4

5    _____
     BENJAMIN H. SETTLE
6    United States District Judge

7

8

9

10   **Presented By:**

11   HAGENS BERMAN SOBOL SHAPIRO LLP

12   By: /s/ Steve W. Berman
     By: /s/ Thomas E. Loeser
13   Steve W. Berman, WSBA# 12536
     Thomas E. Loeser, WSBA# 38701
14   1918 Eighth Avenue, Suite 3300
     Seattle, Washington 98101
15   Tel.: (206) 623-7292
     Fax: (206) 623-0594
16   steve@hbsslaw.com
     TomL@hbsslaw.com

17   THE PAYNTER LAW FIRM PLLC
18   Stuart M Paynter (*pro hac vice*)
     1200 G Street N.W., Suite 800
19   Washington, DC 20005
     stuart@smplegal.com

20   Celeste H.G. Boyd (*pro hac vice*)
21   1340 Environ Way
     Chapel Hill, NC 27517
22   919-636-7563
     cboyd@paynterlawfirm.com

23   *Attorneys for Plaintiffs*

24

25

26

FINAL JUDGMENT AND ORDER GRANTING
PLAINTIFFS' MOTION FOR DEFAULT FINAL
JUDGMENT - 3

**APPENDIX A**

| Surety States | Bond Period | Damages | Trebled Damages |
|---|---|---|---|
| ALABAMA | July 24, 2009–Present | $8,401,551.06 | $25,204,653.18 |
| ALASKA | August 5, 2009–Present | $1,898,430.86 | $5,695,292.58 |
| ARIZONA | November 29, 2008–Present | $16,968,239.23 | $50,904,717.69 |
| ARKANSAS | July 31, 2010–Present | $3,741,038.29 | $11,223,114.87 |
| CALIFORNIA | April 15, 2012–Present | $43,310,443.64 | $129,931,330.92 |
| COLORADO | August 6, 2008–Present | $8,363,590.85 | $25,090,772.55 |
| CONNECTICUT | November 1, 2007–Present | $7,496,231.23 | $22,488,693.69 |
| DELAWARE | September 21, 2009–Present | $1,706,170.25 | $5,118,510.75 |
| WASHINGTON, D.C. | October 19, 2009–Present | $644,912.56 | $1,934,737.68 |
| FLORIDA | February 1, 2009–Present | $46,680,334.98 | $140,041,004.94 |
| GEORGIA | January 12, 2009–Present | $188,360.75 | $565,082.25 |
| HAWAII | July 9, 2009–Present | $2,885,833.25 | $8,657,499.75 |
| IDAHO | August 3, 2009–Present | $3,652,248.65 | $10,956,745.95 |
| ILLINOIS | October 27, 2010–Present | $16,376,224.92 | $49,128,674.76 |
| INDIANA | February 5, 2009–Present | $13,372,177.89 | $40,116,533.67 |
| IOWA | March 1, 2009–Present | $6,248,808.75 | $18,746,426.25 |
| KANSAS | July 15, 2009–Present | $2,151,401.30 | $6,454,203.90 |
| KENTUCKY | October 19, 2009–Present | $4,086,811.33 | $12,260,433.99 |
| LOUISIANA | March 20, 2009–Present | $8,293,679.83 | $24,881,039.49 |
| MAINE | July 24, 2009–Present | $2,369,514.51 | $7,108,543.53 |
| MARYLAND | January 1, 2009–Present | $15,776,570.67 | $47,329,712.01 |
| MICHIGAN | December 31, 2010–Present | $14,222,259.40 | $42,666,778.20 |
| MINNESOTA | February 13, 2009–Present | $11,326,539.60 | $33,979,618.80 |
| MISSISSIPPI | May 5, 2009–Present | $2,729,093.96 | $8,187,281.88 |
| MISSOURI | October 10, 2010–Present | $9,430,734.00 | $28,292,202.00 |
| NEBRASKA | May 29, 2009–Present | $3,508,251.64 | $10,524,754.92 |
| NEVADA | May 5, 2009–Present | $8,622,199.63 | $25,866,598.89 |

FINAL JUDGMENT AND ORDER GRANTING
PLAINTIFFS' MOTION FOR DEFAULT FINAL
JUDGMENT - 4

| | | | |
|---|---|---|---|
| NEW HAMPSHIRE | November 30, 2008–Present | $1,602,750.07 | $4,808,250.21 |
| NEW JERSEY | November 30, 2008–Present | $19,610,666.43 | $58,831,999.29 |
| NEW YORK | July 2, 2009–Present | $43,671,792.60 | $131,015,377.80 |
| NORTH CAROLINA | March 5, 2009–Present | $9,732,260.47 | $29,196,781.41 |
| NORTH DAKOTA | September 23, 2009–Present | $817,831.82 | $2,453,495.46 |
| OHIO | April 1, 2009–Present | $26,807,867.56 | $80,423,602.68 |
| OKLAHOMA | March 23, 2009–Present | $5,752,789.17 | $17,258,367.51 |
| PENNSYLVANIA | June 27, 2008–Present | $37,269,259.79 | $111,807,779.37 |
| RHODE ISLAND | June 23, 2009–Present | $2,575,094.09 | $7,725,282.27 |
| SOUTH DAKOTA | August 5, 2009–Present | $1,004,159.76 | $3,012,479.28 |
| TENNESSEE | September 22, 2010–Present | $6,507,283.81 | $19,521,851.43 |
| TEXAS | October 3, 2007–Present | $53,460,876.24 | $160,382,628.72 |
| VERMONT | September 21, 2009–Present | $682,327.37 | $2,046,982.11 |
| VIRGINIA | August 27, 2009–Present | $141,593.26 | $424,779.78 |
| WASHINGTON | September 29, 2008–Present | $49,706.58 | $149,119.74 |
| WEST VIRGINIA | March 20, 2009–Present | $2,060,221.61 | $6,180,664.83 |
| WISCONSIN | June 3, 2009–Present | $7,571,680.50 | $22,715,041.50 |
| WYOMING | October 22, 2009–Present | $988,125.14 | $2,964,375.42 |
| **TOTAL FEES** | | **$484,757,939.30** | **$1,454,273,817.90** |